HAYS *v.* COMSTOCK-CASTLE COMPANY.

Opinion delivered February 1, 1902.

1.  ASSIGNEE'S BOND—RIGHT OF ACTION.—The bond of an assignee for the benefit of creditors, conditioned for the faithful discharge of his duties, and stipulating that the creditors may be sued thereon in their own names, jointly or severally, is a joint and several obligation, on which a creditor interested may sue, without joining other interested creditors as plaintiffs. (Page 155.)

2.  ACTION—VENUE.—A cause of action for breach of the bond of an assignee for the benefit of creditors is transitory, and not local; and an action may be brought in the state where a surety is found, though it is not the state in which the bond was given. (Page 155.)

3.  JUDGMENT ON ASSIGNEE'S BOND—AMOUNT OF RECOVERY.—In an action on the bond of an assignee for the benefit of creditors, in which only a portion of the creditors are parties plaintiff, the judgment should be only for the *pro rata* share of the plaintiffs, and not for the entire sum that would be recoverable if all the creditors entitled to recover were parties, even though the action was on behalf of the plaintiffs named and all other creditors who might join in the action. (Page 155.)

Appeal from Miller Circuit Court in Chancery.

JOEL D. CONWAY, Judge.

Reversed.

STATEMENT BY THE COURT.

This action was brought by complaint in equity in the Miller circuit court in the state of Arkansas by the appellees, accepting creditors, against the appellants as sureties upon the bond of S. B. Andrews, as assignee of J. C. Whitener, executed in the state of Texas.

The complaint charges that their claims were proved, as required by law, against the estate of Whitener in the hands of the said assignee; that they accepted the terms of the assignment, and are entitled to their *pro rata* share of said estate; that not all the creditors proved their claims against said estate, but some refused to accept said assignment; that the claims of these creditors who did accept and are entitled to share benefits under said assignment

amount to $24,290; that a large amount of assets, about $43,000, came to the hands of said assignee; that, instead of the assignee administering the estate according to law, the assignee sold the same, and squandered the proceeds, and failed to account to any of the creditors for the proceeds of any of said property; and that he conveyed the proceeds to his own use; that they were damaged by the failure of the assignee to properly handle, manage, and administer the proceeds of said estate, according to law, in 50 ·per cent. of their claims. "Plaintiffs further state that it is provided by the statute laws of the state of Texas, among other things, that a general assignment of all his real and personal estate that is by law exempt from execution, made by an insolvent debtor, or one in contemplation of insolvency, for the benefit of such creditors only as will consent to accept their proportion of shares of his estate and discharge him from their respective claims. In such case, benefits of the assignment shall be limited and restricted to the creditors consenting thereto, and such debtors shall thereupon stand discharged from all other liabilities to such creditors on account of their respective claims, provided that such debtor shall not be discharged from liability to the creditor who does receive as much as one-third of the amount due and allowed in his favor as a valid claim against the estate ·of such debtor. It is further provided by the statute laws of such state that the creditors of the assignor consenting to said assignment shall make known to the assignee their consent to accept under said assignment within four months after the assignee shall have published the notice required by the laws of the state of Texas of his appointment. The said statute laws of the state of Texas further require said assignee to execute a bond with sureties to be approved by the judge of the county court in which said assignee resides, or by the judge of the district court of the judicial district in which said county is situated, conditioned that he will faithfully discharge his duties as such assignee, and that he will make proper distribution of the net proceeds of the assigned estate among the creditors thereto, which bond shall be payable to the state of Texas, and shall be filed with the clerk of the county in which said assignee resides, and shall accrue to the benefit of the assignor and the creditor or creditors, who may maintain action thereon against the said assignee and sureties in his own or their own names, jointly or severally, for any violation of said law, by reason of which such assignor or

creditors shall sustain damages, as the statute laws of the state of Texas fully set out in Revised Statutes of Texas, 1895, published by authority of said state, Title VIII, Assignment for Creditors, pages 48, 49, 50, 51, 52, which are hereby referred to and pleaded as part of the complaint. The said statutes of the state of Texas were in full force and effect in the state of Texas at the time of making this assignment hereinbefore mentioned, and said laws have never been amended or repealed."

The assets, as assigned by the said J. C. Whitener, and delivered to the said S. B. Andrews, as assignee, were as follows:

| | | |
|---|---:|---:|
| Merchandise, hardware, furniture, undertaking goods, etc. | $ 18,765 | 15 |
| Livery stable stock, horses, carriages, harness | 4,162 | 50 |
| Sundry book accounts, notes, etc. | 12,287 | 35 |
| Real estate | 6,800 | 00 |
| Total | $ 43,185 | 00 |

The liabilities of the said J. C. Whitener were as follows:

| | | |
|---|---:|---:|
| Sundry accounts and notes | $ 38,604 | 14 |
| Mortgages on real estate | 5,580 | 00 |
| Mortgages on livery stock | 3,000 | 00 |
| Total | $ 43,184 | 14 |

The assignment and the bond were made exhibits to the complaint. The complaint further alleged that, by reason of the failure of said assignee to settle with them as stated, they had been damaged 50 per cent. of their respective claims; that said J. C. Whitener and the said defendants have thereby become indebted to them (the plaintiffs), and have become jointly and severally liable to pay them the amount of their damages, respectively. They further stated that S. B. Andrews is a resident of the state of New Hampshire, and cannot be served with process either in this state or the state of Texas.

The defendant filed a demurrer to the complaint on the grounds: "That said plaintiffs do not state facts sufficient to constitute a cause of action: first, that fraud is not specifically set out and charged therein; second, that said complaint is directed against the sureties on principal's bond, without including Andrews himself, the principal in said bond; third, that said Andrews was an officer, qualified, and acting as such, under the law of the state of

Texas, and resided in said state at the time, and has never quali-
fied and acted as such under the laws of the state of Arkansas,.
nor resided in the said state as such; fourth, that said bond is
executed to the state of Texas, and said complaint fails to make
said state a party, or bring said suit in the name of said state for
the use of the plaintiff; fifth, that said cause is instituted and
prosecuted by individuals out of the jurisdiction of the courts of
the state of Texas, and this court has no jurisdiction thereof. The
demurrer was overruled, and they excepted.

Defendants then filed the following motion, which was over-
ruled, to which they excepted:

"Come the defendants—G. A. Hays, as administrator of the
estate of W. H. McCartney, deceased, B. M. Foreman, as ad-
ministrator of the estate of J. Deutschman, deceased, H. R.
Webster, H. F. Briley, and W. B. Kizer,—and move the court for
an order on plaintiffs to make their complaint more definite and
certain: First, because said plaintiffs charge fraud and miscon-
duct on the part of these defendants' principal, S. B. Andrews, in
general terms; second, because said plaintiffs do not allege any par-
ticular act of misconduct upon which defendants can make specific
answer or denial; third, because said charges are too general, vague,.
and uncertain for defendants to answer or to take proof upon.

"J. D. COOK, Attorney for Defendants.

"Filed before answer, this 18th day of March, 1898.   J. D.
Sanderson, clerk."

Defendants then made answer, the gravamen of which is that
an action on the bond was a local action, and that the court in Ar-
kansas had no jurisdiction; that courts in Texas only had juris-
diction; that only part of the creditors had joined in the action,.
and that no final judgment could be rendered in this case without
jurisdiction of the bond, and creditors' claims filed were in a
foreign jurisdiction. They deny that the assets had not been prop-
erly handled, owing to the neglect and default of Andrews, the
assignee, and deny their liability, and allege that Andrews made
full report and settlement of his accounts as assignee to the court in
Texas, where he was required by law of that state to report, and
that all balances in his hands were turned over to the clerk, and his
receipt taken therefor, and that no exceptions were filed to his
final settlement. The court gave judgment for the appellees for
the full amount of what it found to be default of the assignee,

and the damages sustained by all the creditors by reason thereof. The case comes here by appeal.

*J. D. Cook,* for appellants.

The demurrer to the jurisdiction should have been sustained because appellees' right of action, being based upon an obligation existing only by virtue of the law of Texas, was local to that state. 61 Tex. 434; 2 Blackstone, 1068; Gould, Pldg. 109, 111; Hob. 195; 9 Mass. 520; Com. Dig., "Action," N. 6, 3; *id.* N. 9, 262; 1 Bac. Abr. "Action, *qui tam* C. P. 90; Cooley, Torts, 471; 9 Ill. 522; 32 Ill. 607; 7 Met. 503; 72 Ind. 220; 33 N. J. L. 192; 22 Vt. 543; 21 Ia. 370; 25 Mich. 476; 31 Wis. 607; 3 Wend. 538; 44 Vt. 597, S. C. 8 Am. Rep. 396; 5 Ohio, 217; Murf. Off. Bonds, 338, § 478; 6 Vt. 102; 5 Ohio, 218; 1 H. Bl. 135; Cowp. 341; 14 Johns. 338; 7 Am. Dec. 467; Story's Conf. Laws, § 514; 8 Pick. 474; 2 Mass. 384; 17 La. An. 15.

*Oscar D. Scott* and *W. H. Arnold,* for appellees.

The action, by accepting creditors on this bond, was an action *ex contractu.* 58 Ark. 593. Therefore their rights were enforceable in the courts of any state where they are not hostile to the policy of the state, and where jurisdiction of the person can be obtained. 52 N. W. 972; Rorer, Interstate Law, 76; 84 N. Y. 52; 6 Hill, 529; 31 Minn. 11; 56 N. E. 888; 63 S. W. 62; 56 N. E. 486; 62 Ark. 254; 176 U. S. 559.

HUGHES, J., (after stating the facts.) The court is of opinion that the bond was a joint and several obligation and contract, and that the plaintiff had the right to sue thereon without joining others. The provisions of the bond warrant this construction of it.

The action was transitory, and not local. It could be brought here or in Texas, in the proper forum. Its obligation was a contract, and its breach gave a right of action against the defendants, wherever they might be found. The court was not in error on the question of jurisdiction, and the right of the appellees to sue in the court in Miller county in Arkansas.

There is no abstract of the evidence in the case by the appellant, and for this reason the judgment should be affirmed, under rule 9 of this court; but we have discovered that the judgment for the appellees is for the whole amount of damages suffered by all the creditors, whereas only part of the creditors are plaintiffs.

The judgment, therefore, should have been for their *pro rata* share of what all the accepting creditors were entitled to recover, if they were plaintiffs. Some of the creditors have not been made parties. Though the suit was brought in behalf of the plaintiffs named and all the creditors who might join in it, still it is not like a suit to uncover property fraudulently conveyed, where the filing of the bill gives a lien to the plaintiffs because of· their diligence. This was a fund in court to be equally distributed *pro rata* between creditors, and plaintiffs were entitled to no· more than their share of it.

For this error the judgment is reversed, and the cause is remanded, with instructions to decree for plaintiff for their *pro rata* share of the damages in accordancé herewith.

Bunn, C. J., dissents.