JONESBORO, LAKE CITY & EASTERN RAILROAD COMPANY *v.*
BROOKFIELD.

Opinion delivered October 5, 1908.

1. APPEAL,—SUFFICIENCY OF BILL OF EXCEPTIONS.—A bill of exceptions which contains all that is necessary and proper to be included in a bill of exceptions is not vitiated by the fact that it also contains

more than was necessary for a bill of exceptions to show, as, for example, matters that properly belong to the judgment record. (Page 411.)

2. CARRIERS—RATE OF FARE—FRACTION OF MILE.—Under Kirby's Digest, § 6611, fixing the rates which railway carriers may charge per mile for the carriage of passengers, the same fare may be charged for a fraction of a mile that is charged for an entire mile. (Page 411.)

Appeal from Craighead Circuit Court; Jonesboro District; *Frank Smith,* Judge; reversed.

### STATEMENT BY THE COURT.

This is a suit by appellee against appellant for a penalty under sections 6611 and 6620 of Kirby's Digest. Those sections, in so far as it may be necessary to set them out, are as follows:

"The maximum sum which any corporation, etc., operating a line of railroad in this State, shall be authorized to charge and collect for carrying each passenger over such line within the State, in the manner known as first-class passage, is fixed at the following named rates: On lines of railroad fifteen miles or less in length 8 cents per mile. On lines of railroad over fifteen miles in length and less than seventy-five miles in length five cents. Sec. 6611.

"Any of the persons or corporations mentioned in Sec. 6611 that shall charge, demand, take or receive from any person or persons aforesaid any greater compensation for the transportation of passengers than is in this act allowed or prescribed shall forfeit and pay for every such offense any sum not less than fifty dollars, nor more than three hundred dollars, and costs of suit, including a reasonable attorney's fee, to be taxed by the court where the same is heard on original action, by appeal or otherwise, to be recovered in a suit at law by the party aggrieved in any court of competent jurisdiction." Sec. 6620.

The appellant received from appellee the sum of twenty cents as first-class passenger fare for transportation over its road from the station of Jonesboro to the station of Nettleton, a distance of three miles and 1572 feet.

Appellee sued for and recovered penalties and attorney's fee under the above sections.

*E. F. Brown* and *W. J. Driver,* for appellant.

The statute under which this action is brought is penal in its nature, and must be strictly construed. There is no provision for charging for a fractional mile, and nothing to prohibit the company from collecting the full rate for a mile. That, the mile, is the unit or standard of measurement under the statute. 58 L. R. A. 651 ; 56 Atl. 139 ; 26 N. H. 92.

*F. G. Taylor,* for.appellee.

1. Appellant had no right to charge full fare for four miles where the distance was less than three and one-third miles. 81 N. W. 439 ; 60 N. W. 436.

2. There is no proper bill of exceptions. The case should be affirmed. 84 Ark. 342.

WOOD, J. (after stating the facts.) Appellee insists that there is no |bill of exceptions, but an examination of the transcript discloses that "a bill of exceptions," containing all that is necessary and proper to be included in a bill of exceptions, was presented to and certified and signed by the trial judge. True, this bill of exceptions contained also more than was necessary for a bill of exceptions to show, matters that were properly of record, but that did not have the effect to vitiate the bill of exceptions.

Second. The only question necessary to consider is whether or not appellant could charge twenty cents for first-class passenger fare over its road for a distance of three miles and a fraction (1572 feet), appellant's road being over fifteen miles and less than seventy-five miles in length.

Penal statutes must be strictly construed. There is nothing in the act prescribing what shall be the charge for a fraction of a mile. The act only takes notice of the integral mile. There is nothing in it requiring the carrier to carry the passenger free for a fractional mile, or inhibiting it from charging the same fare for a part of a mile, that it charges for the whole mile. It was evidently not the purpose of the Legislature to require a railroad company to proportion its charge for a fraction of a mile. For the act does not say so ; it fixes the charge to be made "per mile." As was said by the Supreme Court of Ohio, "a construction which would subdivide the mile into halves or tenths, or hun-

dredths, or even thousandths or infinitely less fractions, would be unreasonable and impracticable, and would subject the company to endless annoyance and numberless prosecutions;" for, if we may take account of a half or one-third of a mile, there is no reason why we should not be compelled to measure to the exact one-thousandth part of a mile." *Cleveland, C. C. & St. L. Ry. Co.* v. *Walls,* 58 L. R. A. 651.

It was not intended that the charge of five cents "per mile" "should be subdivided in the ratio of the fractional portion of each mile of transportation. Our currency does not lend itself to such a minute subdivision." *Hunter* v. *Erie R. Co.,* 56 Atlantic R. 139.

The court erred therefore in refusing to instruct the jury to return a verdict for the defendant, as requested by appellant, in its first and second prayers.

The judgment is therefore reversed, and the cause is dismissed.