CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY

*v.* McELROY.

Opinion delivered December 13, 1909.

1. STATUTES—REPEALS BY IMPLICATION—For a statute to repeal a prior statute by implication, either there must be a plain repugnancy between their provisions, or the later act must cover the whole subject of the earlier statute and embrace new provisions plainly showing that it was intended as a substitute therefor. (Page 602.)

2.  SAME—WHEN REPEAL IMPLIED.—Where the Legislature takes up a
    subject anew, and covers the entire ground of the subject-
    matter of a former statute, and evidently intends it as a substitute
    for it, the prior act will be repealed thereby, although there may be
    no express words to that effect, and there may be in the old act pro-
    visions not embraced in the new.   (Page 603.)

3.  CARRIERS—PASSENGER RATES—REPEAL OF STATUTE.—The act of April 4,
    1887, fixing the maximum charge for carriage of passengers by rail-
    roads and prescribing a penalty for an overcharge (Kirby's Digest,
    § § 6611, 6620), was not repealed by the act of March 11, 1899 (Kirby's
    .Digest, § 6802), creating the railroad commission, and authorizing
    the commission to make reasonable and just rates of passenger tariffs.
    (Page 603.)

Appeal from Saline Circuit Court; *W. H. Evans,* Judge;
affirmed.

*Thos. S. Buzbee* and *John T. Hicks,* for appellant.

The act of March 11, 1899 (Kirby's Dig., § 6787 *et seq.*)
covers every feature of the act of 1887 (Kirby's Dig., § § 6611-
12-13-14-15 and 6620).   The two acts are wholly inconsistent,
and cannot stand together.   The later act repeals the earlier.
Art. XVII, § 10, Const. as amended; Acts 1899, § § 1 to 8, 9,
11, 14, 18, 31; 60 Ark. 221; 82 Ark. 302; 88 Ark. 324.   The
use of the word "remedies" in that part of the act providing
that they shall be regarded as cumulative does not include pen-
alties as distinguished from remedies.   Kirby's Dig., § 6826.

*W. D. Brouse,* for appellee.

The act of 1899, § 30, expressly provides that the remedies
therein prescribed shall be cumulative, and that the act shall
not be construed as repealing any statute giving such remedies.
The two acts are not inconsistent, the purpose of the Legisla-
ture evidently being to accomplish different ends.   82 Ark. 302.
Repeals by implication are not favored.   11 Ark. 103; *Id.* 496;
*Id.* 47; 28 Ark. 317-325 and cases cited; 4 Ark. 410; 23 Ark.
307-8; 60 Ark. 61; 53 Ark. 418.   The word "remedies," used
in the statute, may include penalties.   Bouvier's Law Dict.,
"Remedy," "Cumulative Remedies;" 12 Cyc. 993; 7 Enc. Pl. &
Pr. 373; 22 Ark. 231; 8 Am. & Eng. Enc. of L., 2d Ed. 493.

McCULLOCH, C. J.   The General Assembly of 1887 passed
an act which fixed a maximum rate of three cents per mile on

all lines over 75 miles in length for transportation of passengers by railroads in this State, and which prescribed against such carriers charging or receiving a greater rate a penalty of not less than $50 nor more than $300, to be recovered in a suit at law by the person aggrieved—which of course means the passenger who is compelled to pay the overcharge.

In 1899 the General Assembly passed the act creating the Railroad Commission and prescribing its powers and duties, among other things providing that "said commission will make reasonable and just rates of freight, express and passenger tariffs to be observed by all persons and corporations operating any railroad," etc. Acts of 1899, § 9; Kirby's Dig., § 6802. The latter act further provides (§ 14) that double the damages sustained by reason of any violation may be recovered from the carrier by any person suffering the damage, and that (§ 18) · for each violation a penalty of not less than $500 nor more than $3,000 may be recovered by the State in an action instituted by the prosecuting attorney for the commission. But the act expressly provides (§ 30) "that the remedies hereby given shall be regarded as cumulative, and this act shall not be construed as repealing any statute giving such remedies." The question involved in the present case is, whether or not the act of 1887 was impliedly repealed by the act of 1899, there being no express repeal.

Appellee recovered below a penalty for $50 assessed against appellant railroad company under the former statute. The question has never been raised here before, and the court has not passed on it, though there are two recent cases in which penalties were sought to be recovered under the old statute. *Clark* v. *Jonesboro, L. C. & E. Rd. Co.,* 87 Ark. 385; *Jonesboro, L. C. & E. Rd. Co.* v. *Brookfield,* 87 Ark. 409. In those cases the question of the repeal of the statute was not suggested, either by court or by counsel, though in each case the court proceeded to construe the statute, and in both instances a conclusion was reached favorable to the contention of the railroad company.

The question of implied repeals has often received the attention of this court, beginning with the case of *Pulaski County* v. *Downer,* 10 Ark. 589, and coming down to the recent case of *Welch Stave & Merc. Co.* v. *Stevenson, ante* p. 266. Little, if any-

thing, on the subject not found in the former cases can be said. In *Coats* v. *Hill,* 41 Ark. 149, Mr. Justice SMITH, speaking for the court, said: "Repeals by implication are not favored. To produce this result, the two acts must be upon the same subject, and there must be a plain repugnancy between their provisions; in which case the later act, without the repealing clause, operates, to the extent of repugnancy, as a repeal of the first. Or, if the two acts are not in express terms repugnant, then the later act must cover the whole subject of the first and embrace new provisions, plainly showing that it was intended as a substitute for the first."

To this must be added the further statement of the law in nearly all of our cases to the effect that "where the Legislature takes up a whole subject anew, and covers the entire ground of the subject-matter of a former statute, and evidently intends it as a substitute for it, the prior act will be repealed thereby, although there may be no express words to that effect, and there may be in the old act provisions not embraced in the new."

In the last case on this subject we quoted with approval the following from Sutherland on Statutory Construction: "There must be such a manifest and total repugnance that the two enactments cannot stand. The earliest statute continues in force unless the two are clearly inconsistent with and repugnant to each other, or unless in the later statute some express notice is taken of the former, plainly indicating an intention to repeal it; and where two acts are seemingly repugnant, they should, if possible, be so construed that the latter may not operate as a repeal of the former by implication (Sec. 247, Lewis' Suth. Stat. Const.)

Is there any necessary repugnance between the two statutes? We conclude that there is none, and it is our duty to harmonize them and to give effect to both if that can reasonably be done, as the Legislature has not in express terms manifested any intention to repeal the old act. The first act fixes a *maximum* rate of charges for transportation of passengers; the latter act empowers the Railroad Commission to "make *reasonable and just rates* of freight, express and passenger tariffs," that is to say, reasonable and just rates within the limits of the maximum rates already fixed by law. In other words, the later act em-

powers the Railroad Commission to lower rates, if necessary to make them reasonable and just, but not to raise them above the maximum fixed by law. Thus viewing the statute, there is no inconsistency nor lack of harmony between them, and both stand in full force and no rules of construction are violated.

Now, if the substantive rights prescribed by the act of 1887 are not repealed by the later statute, the remedy is not abolished, for the later statute expressly preserves all such remedies, and declares those in the new act to be cumulative.

Judgment affirmed.