ROBERTS *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered May 30, 1910.

1. CARRIERS—DISCRIMINATION—REPEAL OF STATUTE.—Kirby's Digest, § § 6722, 6725, 6733, declaring that all individuals, associations and corporations shall have an equal right to have property transported over railroads, and imposing a penalty of not less than $50 nor more than $1,000 for a violation of such right, to be recovered by any party aggrieved, was not repealed by the later statute creating the Railroad Commission (Kirby's Digest, § § 6804, 6813), which prohibits discrimination in charges or in furnishing shipping facilities, and imposes a penalty of not less than $500 nor more than $3,000 for each violation, to be recovered by the State. (Page 251.)

2. SAME—CONSTRUCTION OF STATUTE.—Kirby's Digest, § 6733, imposing a penalty for violating the rights secured by § § 6722 *et seq.,* is remedial in its nature, though operating as a penalty on the wrongdoer. (Page 252.)

3. PLEADING—DEFECTIVE STATEMENT—REMEDY.—Where a complaint for overcharges in freight is defective in failing to specify the dates of the overcharges and what the separate charges were, but nevertheless states a cause of action, the defect should be met by a motion to make the complaint more specific. (Page 252.)

Appeal from Pulaski Circuit Court, Second Division; *F. Guy Fulk,* Judge; reversed.

*J. W. Blackwood* and *Dunaway & Hammock,* for appellant.

Penal statutes should not be so narrowed as to exclude cases which would ordinarily fall within their purpose, and are naturally comprehended by the words thereof. 5 Wheat. 76; 6 Wall. 385; 2 Lewis' Suth. Stat. Const., § 519. The remedy given by the statute should be given favor of the party aggrieved. 2 Lewis' Suth. Stat. Const., § 532; 91 S. W. 419; 85 Mo. 164. The law is designed to protect person against the wrongful acts thereby prohibited, and it is immaterial what the amount awarded be denominated. 31 Mo. 574. The law is of a penal and police nature, as well as being compensatory. 145 Mo. 105.

*W. E. Hemingway, E. B. Kinsworthy* and *Jas. H. Stevenson,* for appellee.

The act of 1887 was repealed by the act of 1899. 10 Ark. 589; *Welch Stave Co.* v. *Stevenson,* 92 Ark. 266; 82 Ark. 302; 88 Ark. 324. The demurrer was properly sustained, because the complaint failed to state a cause of action.

*J. W. Blackwood* and *Dunaway & Hammock,* in reply.

If the complaint did not state a cause of action with sufficient certainty, the remedy was by motion to make more specific. 59 Ark. 629; 70 Ark. 161; 69 Ark. 208.

McCULLOCH, C. J. Appellant instituted this action against appellee railway company to recover statutory penalties for alleged discrimination in switching charges on carloads of rock transported from a rock quarry near the cities of Little Rock and Argenta. He bases his suit on sections of the act of March 24, 1887 (Kirby's Digest, § § 6722, 6725), which declare that all individuals, associations and corporations shall enjoy equal rights to have property transported over railroads, and that

unjust or undue discrimination in charges or in furnishing facilities for transportation shall be unlawful. The statute also provides that a penalty of not less than $50 nor more than $1,000 shall be adjudged against any railroad violating its terms, the same to be recovered in a civil action by the party aggrieved. Section 6733.

It is insisted on behalf of appellee that the statute above referred to was repealed by the act of March 11, 1899, creating the railroad commission and defining its powers and duties, which also prohibited discrimination by carriers in charges or in furnishing shipping facilities, and which prescribed a penalty of not less than $500 nor more than $3,000 for each violation, the same to be recovered in an action brought by the State. Kirby's Dig., § § 6804, 6813. It also authorizes a recovery of double damages by the party injured. Section 30 of the act reads as follows: "That the remedies hereby given shall be regarded as cumulative, and this act shall not be construed as repealing any statute giving such remedies." Kirby's Dig., § 6826.

In a recent case we held that the act of March 11, 1899, did not repeal the act of 1887, which fixed the maximum rate of charges for the transportation of passengers by railroads (*Chicago, R. I. & P. Ry. Co.* v. *McElroy,* 92 Ark. 600); and of section 30 of the act of 1899 we said: "If the substantive rights prescribed by the act of 1887 are not repealed by the later statute, the remedy is not abolished, for the later statute expressly preserves all such remedies, and declares those in the new act to be cumulative." Both of the statutes in question, with respect to unjust discrimination in charges of furnishing transportation facilities, are but declaratory of the common law on the subject. 4 Elliott on Railroads, § 1467; 2 Hutchinson on Carriers, 512. They confer no new right, but each provides a new remedy for the wrong done, and, as we said in the McElroy case, *supra,* the later statute expressly preserves all the remedies conferred by the former statute. In the McElroy case it became necessary to determine whether or not the maximum rate of passenger fare prescribed by the act of 1887 was repealed by the later statute giving the railroad commission power to fix passenger rates, for, if it was repealed, then the remedy necessarily fell with the right, notwithstanding the provision of the latter act preserving other remedies. The substantive right

conferred by the former statute was that of having transportation furnished at not exceeding the maximum rate prescribed by that statute; and, if that right had been taken away by a repeal of the statute, the remedy would have fallen too, for there could not be a remedy without a right to enforce or a wrong to be redressed. That is axiomatic. But discrimination by a public carrier against a shipper is a wrong, independent of statute, and the act of 1887 declared the wrong and prescribed a remedy. The statute falls within that class which is remedial in its nature, though operating as a penalty on the wrongdoer. *Nebraska Nat. Bank* v. *Walsh,* 68 Ark. 433; *Huntington* v. *Attrill,* 146 U. S. 657; Lewis's Sutherland, Stat. Con. 532; *Casey* v. *St. Louis Transit Co.* (Mo.), 91 S. W. 419.

The fact that the recovery allowed is not entirely compensatory does not take the statute out of the remedial class. It was obviously the intention of the framers of the act of 1899 to preserve the remedy prescribed by the former statute, though it resulted in allowing a double recovery from a wrong-doer— one in favor of the aggrieved party and one in favor of the State. The two provisions are not repugnant to each other; and since the latter statute expressly preserves the remedies prescribed by the former, the question of implied repeal does not arise.

The third paragraph of the complaint for overcharge on freight is defective in failing to specify the dates, etc., of the overcharges, and also in failing to state what the separate charges were; but it nevertheless stated a cause of action—defectively, it is true—but the defect should have been met by a motion to make the complaint more definite and certain. *Murrell* v. *Henry,* 70 Ark. 151; *Choctaw, O. & G. Rd. Co.* v. *Doughty,* 77 Ark. 1.

Reversed and remanded with directions to overrule the demurrer to the complaint.