HOUT v. HARVEY.

Opinion delivered July 1, 1918.

ROADS—CHANGE IN PLANS AND CONSTRUCTION.—Under Act No. 338, Acts of 1915, the commissioners of a road district may change the plans for the road, by slightly changing the width of the road, and increasing the thickness of gravel instead of using a layer of asphalt as originally planned, when the length or route of the road is not changed, and the increase in the cost is not large.

Appeal from Jackson Chancery Court; *Geo. T. Humphries,* Chancellor; affirmed.

*Rose, Hemingway, Cantrell, Loughborough & Miles,* for appellant.

There was no authority to make the changes. The commissioner had not the power under the act to make the changes. 133 Ark. 491. See also 123 Ark. 205; *Ib.* 298; 124 *Id.* 234; 126 *Id.* 318; 127 *Id.* 310.

*John W. & Jos. M. Stayton,* for appellees.

The changes were authorized by law and within the authority of the commissioners. All the changes were such as "better carry out the improvement as originally contemplated." The original plan was not changed. The complaint is without equity and was properly dismissed. 133 Ark. 491; Acts 1915, Act 338.

McCULLOCH, C. J. Road Improvement District No. 4 of Jackson County was duly organized by an order of the county court of that county upon the petition of a majority in value of the property owners as prescribed by Act No. 338 of the General Assembly of 1915. The preliminary survey and estimate of cost made by the State Highway Department, upon which the petition to the court was based, specified the route and distance of the road, and the character of the improvement as a gravel road, five inches in depth, with a gravel coat of asphalt treatment one inch in depth, the road to be twelve feet wide.

The estimated cost of the improvement was $176,717. The commissioners of the district, upon the recommenda-

tion of the engineers, subsequently decided upon an alteration in the plans and estimates so as to provide for fourteen feet width for the road and the use of gravel seven and one-half inches in depth, omitting the coat of asphalt treatment. It was found that the cost of the improvement according to this change, and the enhanced cost of purchasing the material, will be $229,048.49, an excess of $52,331.49, but it is shown that a considerable portion of the enhanced cost is, on account of changed conditions which require additional cost of material, even in constructing the road according to the original plans. In other words, there is a difference in the two estimates to the extent of the sum of $52,331.49, but the net additional cost on account of the alteration to be made by the commissioners amounts to $26,647.32.

The county court approved the changes, and this action was instituted by appellant against the commissioners of the district to restrain them from departing from the original plans, specifications and estimates in the construction of the improvement.

The contention is that there is no authority for the commissioners and county court to make the changes. This contention is based upon our decision in the recent case of *Rayder* v. *Warrick,* 133 Ark. 491, where we held, in substance, that after the organization of a district there is no authority for a total change in the character of the improvement as prescribed in the plans, specifications and estimates upon which the petition was based. In that case we discussed the effect of the statute which expressly authorized the commissioners to make alterations in the plans and specifications or the route of the road to be constructed, but we held that this authority was limited to such changes as did not wholly change the character of the improvement. In that case the changes involved an additional cost which practically doubled the cost of the improvement as originally estimated. It also made a radical change in the route of the road to be improved and also changed the character of the improvement from gravel to asphalt. In commenting on the stat-

ute authorizing the commissioners to make changes we said that the provisions of this statute ''would not in any way safeguard the interests of the land owners if the commissioners could wholly change the plans and specifications so as to make an entirely different improvement and to construct it over an entirely different route,'' and in summing up the effect of the alterations we said that ''the change from a gravel roadbed to an asphalt one was a radically different improvement from the one contemplated in the petition circulated among the land owners'' and that the commissioners have ''also adopted a wholly different route from that at first contemplated'' which they could not legally do. In that opinion we recognized the force and validity of that part of the statute which authorizes the commissioners to make changes, but we construed it in the light of other sections so as to limit the changes as not to totally change the type or character of the improvement. Of course, in each instance it must remain as a question to be determined upon the particular facts, as to whether or not the alterations are such as to fall within the kind authorized by the statute.

In the present case it is seen that there was no change at all in the distance or route of the road to be improved and the changes were limited to the width of the road and the kind of material. If the statute is given any effect at all, it must admit of changes to the extent of slight increase or decrease in the width of the road, and also if it has any effect at all it authorizes such changes in the kind of material which do not amount to a change in the type of the road to be constructed. Of course, the question of additional cost, while not necessarily controlling, is always to be considered in determining whether or not there has been such a radical change from the original plans as to constitute a different type of improvement. Here the asphalt surface treatment was omitted and an additional depth of gravel was substituted in its place, and the engineers who testified as experts stated that this did not constitute a change in the type of the road.

We are of the opinion that these alterations in the plans and specifications did not constitute a total change in the improvements, but that they were such alterations as the statute expressly authorizes the commissioners to make.

We have nothing to do with the policy of the law authorizing the commissioners to make such changes, for it is entirely a matter of legislative control, and we must give effect to the plain letter of the statute which authorizes commissioners to make alterations. A total change in the character of the improvement would not, however, constitute an alteration of the old improvement, but would be a substitution of a type of improvement to which the property owners had not consented, and that is not authorized by the statute.

Decree affirmed.