PRITCHETT v. ROAD IMPROVEMENT DISTRICT No. 3 OF POINSETT COUNTY.

Opinion delivered March 8, 1920.

1. CERTIORARI—VOID ORDERS OF COUNTY COURT.—Certiorari is the proper remedy to quash orders of the county court void for lack of jurisdiction, in a proceeding to organize a road improvement district.

2. HIGHWAYS—CONSTRUCTION OF ACT.—Where the county court eliminated certain lands from a proposed highway improvement district before the assessments were made as not benefited by the

proposed improvement, as provided by section 2 of Acts 1915, page 1400, such lands might subsequently be re-included in the district by an order of the county court under section 15, *Id.*, where authorized changes in the plans introduce new elements which affect such land.

3. Highways—change of route.—Where a road district is created under Acts 1915, page 1400, changes with respect to the character of the improvement and the route of the road must be confined to such changes as are consistent with the original plans, and not changes to a different plan or according to a different route; but the addition of substatial laterals and extensions are authorized.

4. Highways—change of route.—Where the original plans of a road district called for a certain road 16 miles long, a subsequent change in one mile of the route by shifting it a distance of one-fourth of a mile constituted the adoption of a different route, and not merely a slight change in conformity with the original route, and the alteration was void.

5. Highways—change of route—validity.—In testing the validity of the adoption of the new plans by a road district created under Acts 1915, page 1400, the new plans must be considered as a whole, as the court is not at liberty to discard that which is unauthorized while upholding that which is authorized.

6. Highways—elimination of land from road district.—Elimination of lands from a road district created under Acts 1915, page 1400, by an order of the county court, as not benefited by the proposed improvement, is conclusive upon the question of benefits unless authorized changes in the plans be made so as to introduce new elements which affect the lands.

Appeal from Poinsett Circuit Court, First Division; *R. H. Dudley*, Judge; reversed.

*J. F. Gautney*, for appellants.

The county court, July 12, 1917, established this district, No. 3, and "eliminated" the lands of appellants from the district. No appeal was taken and the judgment became final, and the lands could not afterward be included by extending the boundaries of the district and include a different route. The proceedings against appellants' lands are void. 69 Ark. 587; 124 *Id.* 234; 64 *Id.* 108; *Ib.* 555; 123 *Id.* 383; *Ib.* 389; 133 *Id.* 491; 123 *Id.* 205. The lands embraced were not found to be benefited by the commissioners. 69 Ark. 587. The error is

manifest and the injury is substantial. 11 C. J. 130, §§ 83-4. The only remedy was by *certiorari*. 68 Ark. 205; 124 *Id.* 234; 133 *Id.* 491. The order should be quashed.

*J. W. Rhodes, Jr.,* and *Lamb & Frierson,* for appellees.

1. The district is the territory embraced and established by order of the county court and not that included in the original petition, and the land eliminated was foreign to the district and could be added if benefited by change of plans. Act No. 3, Acts 1917, § 16, etc. The proceedings were regular. To hold that the lands could not be added would be to absolutely ignore the word eliminate in the act.

2. The district can in good faith accept the judgment of the court eliminating the lands and then afterward change the plans and ask for the addition of those lands if benefited by the change. This is reason and common sense.

3. The alteration of plans and extension of boundaries was regular and in accordance with the statute. 133 Ark. 491 is not applicable.

4. Certiorari is a writ of discretion and under the facts of this case appellants are estopped, and the court correctly exercised its discretion to refuse the remedy by certiorari. The objection to the evidence of Rhodes and McRaven was waived. As evidence *dehors* the record may be introduced. Kirby & Castle's Digest, § 1432; 123 Ark. 205; 89 *Id.* 605; 52 *Id.* .13. Certiorari can not be used as a substitute for appeal. 52 Ark. 213. See also 5 R. C. L. 254; 11 C. J., p. 88, § 2, p. 128, § 78; *Ib.* § 134, p. 186, § 309, p. 208 and § 374.

4. The detriment to the public may be considered. 89 Ark. 604; 54 *Id.* 372; 52 *Id.* 221; 43 *Id.* 243-262; 124 *Id.* 525; 89 *Id.* 604; 130 *Id.* 39. The judgment is right.

McCULLOCH, C. J. Appellee, Road Improvement District No. 3 of Poinsett County, was duly formed by an order of the county court of Poinsett County entered July 12, 1917, on petition of a majority of the owners

of real property in the proposed district. The route of the road was specifically described in the petition, and was to begin at the town of Marked Tree and run thence east and north to the town of Lepanto, and thence northeasterly to the Mississippi County line, covering a total distance of about fourteen miles.

Appellants were at that time, and are now, the owners of land situated in the district as originally proposed, and they appeared in the county court and presented objections to the inclusion of their lands in the district, and the court in rendering final order forming the district eliminated the lands of appellants from the district. There was no appeal from that order of the county court.

The commissioners of the district proceeded with the plans for the construction of the proposed improvement, but upon the recommendation of the engineers decided to alter the plans by shifting the route of the road one-fourth of a mile from the original route as originally planned for a distance of one mile. Further alterations were made in the plans so as to construct six separate laterals in the aggregate covering a distance of 8¼ miles in length. The plans as thus altered were submitted to the county court by the commissioners and approved, and the court appointed the members of the board of assessors to assess benefits. The assessors proceeded to make the assessment of benefits, and included in their assessment lists the lands of appellants, which had been eliminated from the boundaries of the district. On the filing of the report of the assessors the county court ordered publication to be made, which was done, and the assessments were on a subsequent day approved by order of the county court, and the boundaries of the district were extended so as to include the lands not within those boundaries according to the order as originally entered forming the district. This order was rendered by the court on October 11, 1918, but part of the order, viz.: That part which extended the boundaries of the district, was omitted from the entry and was subsequently, on January 6, 1919, entered *nunc pro tunc,* so as to correct

the omission. Appellants filed their petition in the circuit court of Poinsett County on November 12, 1919, praying for a writ of certiorari to bring up the record of the proceedings of the county court and that those portions of the order of the county court extending the boundaries of the district and approving the assessments on appellants' lands be quashed. The record was brought up under the writ, but on final hearing of the cause in the circuit court relief as prayed for by appellants was denied and their petition was dismissed.

The contention of appellants is that the original order of the county court eliminating their lands from the boundaries of the district, as formed, is conclusive of the power to tax those lands for the construction of the improvement, and that the county court was without jurisdiction subsequently to extend the boundaries so as to reinclude those lands and to assess them. If the contention of appellants is correct that the court had no authority under the statute to reinclude the eliminated lands and to assess the benefits, then the court was without jurisdiction over these lands, and certiorari was the proper remedy to reach the void orders of the county court in order to quash them. *Griffin* v. *Boswell,* 124 Ark. 234.

The road district was created pursuant to the terms of the general statute of March 30, 1915 (Acts 1915, p. 1400), and section 2 of that statute provides that in passing on the petition for the formation of such a district "if the county court is of the opinion that any part, or parts, of the territory included in the petition and plat is not benefited by the proposed improvement, the court may, in the order creating said district, eliminate such territory from the boundaries of the district." Section 15 of the statute reads in part as follows:

"Whenever the commissioners find that other lands not embraced within the boundaries of the district are benefited by reason of the improvement made, or about to be made, they shall instruct the assessors herein provided for to assess the benefits accruing to such lands by

reason of the improvement, and shall file a special report in the county court setting up the lands so benefited together with assessment of benefits made by the assessors of the district.  *  *  *  At the hearing which shall not be held earlier than five days after the last insertion of said notice, the county court shall investigate as to whether the land beyond the boundaries of the district are really benefited by reason of the improvement, and, if it finds that said lands are benefited, the boundaries of the district will be so extended as to embrace the land so benefited and the county court at the same time shall also consider the assessment of benefits so made on said land and enter its finding thereon in accordance with section 12 of this act.''

One of the contentions of learned counsel for appellees in support of the validity of the court's order reincluding the lands of appellants is that the original order of the county court eliminating those lands from the boundaries of the district and creating the district with those lands eliminated constituted the formation of the district as if these lands had never been included in the petition and left the other provisions of the statute governing such proceedings in full operation.  In other words, the contention is that the district stood as if appellants' land had never been included, and that if it was subsequently ascertained by the board of assessors that those lands would be benefited the boundaries of the district could be extended under authority of section 15 of the statute, quoted above, so as to include those lands and authorize their assessment.

This view of the statute would put the two sections (section 2 and section 15) in conflict with each other, for one of the sections authorizes the elimination of lands from the boundaries of the district and the other authorizes the extension of the boundaries so as to include new territory; and if both sections are operative upon the same lands, then the two orders of the court thereunder would be conflicting.  The manifest purpose was to provide a method in section 2 for the adjudication

by the county court in advance of the question of benefits to given tracts of land of objecting owners. The owner of land has a right to appear in the county court when the district is to be formed and raise an issue of anticipated benefit to his land, and if the court on the hearing finds that the lands will not be benefited there must be an order excluding the same from the boundaries. Such an order constitutes a final adjudication of the question of benefits to those lands. Section 15 was intended to afford a remedy for the inclusion of lands which had not theretofore been included in the proceedings and which had not fallen within the adjudication of the court with respect to benefits. The two statutes as thus interpreted operate in harmony and present no conflict. This is also in accord with the decision of this court in the recent case of *Harrison* v. *Abington,* 140 Ark. 115, which construed a special statute, but involved the application of the same principle in the interpretation of two apparently conflicting sections of a statute.

The next argument of counsel in justification of the order extending the boundaries so as to include appellants' lands was that there was an alteration of the plan so as to change the route of the main road and to provide for the construction of laterals which brought these lands within the range of anticipated benefits. Some of these lands are situated east and some west of the route according to the original plan. The route was changed to get nearer some of the excluded lands and the laterals were provided in the new plans in order to benefit the excluded lands. The question whether or not the alteration of the plans justified the reinclusion of appellants' lands within the boundaries of the districts turns on the validity of the alteration of the plans. The authority to make alteration is found in section 16 of the statute, which reads in part as follows:

"If the commissioners find it necessary and to the best interest of the district at any time before the improvements are made to make any alteration or change in the plans and specifications, or the route of the road

to be constructed, or that it is necessary to construct any additional laterals or extensions within the boundaries of the district not provided for in the original plans, or find that any road or roads in the course of construction should be extended in the additional territory not included in the original district, they shall have the engineer for said district or the State Highway Engineer, as the case may be, to make plans and estimates of the cost of such changes, laterals or extensions. * * * If the county court finds at the hearing above provided for that it is to the best interest of the district to make any change or alteration, or construct any lateral road or to extend any road into adjoining territory, or to extend the boundaries of the district so as to include adjoining territory, it shall make an order extending the boundaries of the district approving the changes submitted or the construction of any lateral road or extension as the case may be, and from the finding of the county court thereupon appeals may be taken by complying with section 14 of this act.''

This section, it will be observed, authorizes three things: The alteration of the plans and specifications with respect to the character of improvement to be made; the change of the route of the road to be constructed; and also the construction of additional laterals and extensions. These are the alterations which form the basis of the extension of boundaries so as to include new territory. In *Rayder* v. *Warrick*, 133 Ark. 491, we construed this section with respect to the authority conferred in the two particulars first mentioned above, and we held that the operation of the statute was limited to immaterial changes in the plans and specifications and the route of the road which do not change the character of the improvement. In summing up on this subject it was said: ''We think section 16 intended to give the commissioners the power to alter the plans and to change the route in order to better carry out the improvement as originally contemplated, but it does not authorize them to change the plan of the improvement to a wholly different one

or construct it over a wholly different route. The construction we have placed upon the act tends to give effect to all the provisions of section 1 and section 16 and to harmonize their different provisions; thus breathing life into every part thereof, instead of making them inconsistent with each other.''

In the later case of *Hout* v. *Harvey,* 135 Ark. 102, we reaffirmed the interpretation given to the statute in *Rayder* v. *Warrick, supra,* but said that ''in each instance it must remain as a question to be determined upon the particular facts, as to whether or not the alterations are such as to fall within the kind authorized by the statute.''

Section 16 also came up for interpretation as to that part which authorizes the construction of additional laterals and extensions in the case of *Harris* v. *Wallace,* 139 Ark. 184, and according to the views of the majority of the judges there expressed (notwithstanding the resultant reversal of the case by reason of the conflicting views of the judges) the authority under the statute to construct such laterals and extensions is not confined to immaterial ones necessarily in substantial conformity with the original plans. Treating that decision as establishing the proper construction of the statute, we have an interpretation of the whole of section 16 that changes with respect to the character of the improvement and the route of the road must be confined to such changes as are consistent with the original plans and not changes to a different plan, according to a different route, but that substantial laterals and extensions are authorized.

The further question is then presented whether or not the changes in the route are in conformity with the original plans or whether they constitute an abandonment of the original route and a change to a wholly different route. There was, as before stated, a change in the route by shifting it a distance of one-fourth of a mile, running for a distance of one mile. This necessarily constituted the adoption of a different route and not merely a slight change in conformity with the original

route. It is conceded that this change was made for the purpose of benefiting appellants' lands, which, according to the judgment of the county court, would not have been benefited by the original improvement. This contention of counsel necessarily implies a substantial change in the route. It is, in other words, a substitution of an entirely new route for the one specified in the original plans upon which the petition of property owners was based. That is precisely what we held in *Rayder* v. *Warrick, supra,* could not be done. The laterals contemplated by the altered plans were authorized according to the decision in *Harris* v. *Wallace, supra,* but in testing the validity of the adoption of the new plans we must take them as a whole, for we are not at liberty in this proceeding to discard that which is beyond the statutory authority, leaving intact that part which is within the limits of such authority.

The scope of the present proceeding is confined to the inquiry concerning the right to tax the lands of appellants; and if the alterations as a whole are unauthorized, the right to tax these lands, which is dependent upon the validity of those alterations, fails. This is so because we do not know, and can not know, to what extent the different changes in the plans with respect to the route and the construction of laterals entered into the assessment of benefits. In other words, we hold that the original elimination of these lands from the boundaries of the district is conclusive as to the power to tax them unless authorized changes in the plans be made so as to introduce new elements which affect these lands, and where, according to the face of the proceedings, the alteration of the plans is void, the power to assess these lands fails. In this proceeding we inquire into the validity of the proceedings for the sole purpose of determining the jurisdiction of the court to approve assessments on lands of appellants, and no further.

Finding, as we do, that on the face of the record made in the county court the proceedings against the lands of appellants are void, the judgment of the circuit

court is reversed, and the cause remanded with directions
to enter an order and certify it down to the county court
quashing those proceedings to the extent indicated.