OSBORNE *v.* SUTER.

Opinion delivered April 5, 1920.

1. HIGHWAYS—CONTRACT FOR DEFINITE AMOUNT.—Where a contractor undertook to furnish all materials and labor for construction of a road for a stated amount, he was entitled to that amount only, though the work exceeded the engineer's original estimate.

2. HIGHWAYS—EXTRA WORK.—The fact that a contract for the construction of a highway required the contractors to furnish all material, tools, and labor for a specified amount did not prevent his recovering compensation for extra work.

3. HIGHWAYS—CHANGE OF PLANS—NOTICE.—Under Acts 1915, page 1400, section 16, road commissioners are not required, in order to have a contractor for a road improvement perform extra

work, to revise the plans and give notice thereof to the land owners; such section applying only when some material alteration or change of the plans and specifications is proposed.

4.  HIGHWAYS — EXTRA WORK — COMPENSATION.—Where a contractor proposed to construct a road for a specified amount, and also to furnish certain extras without additional compensation, he can not charge for such extras.

5.  HIGHWAYS—EXTRA WORK—COMPENSATION.—A contractor undertaking to build a highway could not recover for extras where he did not show that such extra work was not covered by the plans and specifications upon which his bid was based.

6.  DAMAGES—LIQUIDATED DAMAGES NOT RECOVERABLE WHEN.—Under a contract for the construction of a road, providing that the work should be done within a certain number of days, and that liquidated damages at $10 per day should be paid for all the time in excess thereof, the damages are not recoverable where the delay resulted from causes beyond the contractor's control, and not within the contemplation of the parties.

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Ingram & Holt, E. B. Stokes* and *Danaher & Danaher,* for appellants.

The proof shows that the contract was fully complied with and that the judgment should have been in favor of Contractor Bunn for $5,604, the amount of the engineer's report to be due him, with interest, as damages caused by the wrongful issuance of the preliminary injunction. The work was performed according to the contract and plans and specifications and was completed and accepted within the specified time. 28 Cyc. 665; 101 Ill. App. 150. No complaint was made that the contract was not properly let, but plaintiffs allowed Doctor Bunn to go ahead and build the road without complaint. They should have objected before any money was spent by defendant in performance of the contract. The evidence shows that the work was to be paid for by the yard and is undisputed as to the amount of material and work done and furnished. The extra work and material was done and performed at the direction of the board and its engineer and was accepted and should be paid for and the amount claimed by the contractor is justly due. The

road was built wide enough and in strict compliance with the contract, as the evidence shows. The statute does not require the advertisement for bids to run one week; the provision as to time is merely directory. 9 Ark. 73; 34 *Id.* 491; 12 *Id.* 218; 23 *Id.* 70. The road was properly rolled and all work properly done as called for by the contract and plans and specifications. 28 Cyc. 665; 101 Ill. App. 150.

*Geo. C. Lewis*, for appellees and cross-appellants.

The contract is plain and simple, and the contractor should be paid nothing over and above the contract price, and the contractor did not build the road within the agreed time or according to the contract, and should return to the district the money unlawfully paid him. Acts 1913, No. 302, § 60. The contract was not completed in time. 40 Cyc. 2859.

The decree for $838.24 should be reversed and a decree entered here against Bunn and Osborne for $5,000 for defective work and $2,400 for overtime at the rate of $10 per day. 124 Ark. 6 settles the law of this case.

SMITH, J. Appellees, who were the plaintiffs below, brought this suit as taxpayers of Road Improvement District No. 1 of Arkansas County against the contractor and commissioners of that district, and alleged that the contractor had failed to construct the road in accordance with the plans and specifications, and that he did not complete the road within the time contracted for, and prayed that the commissioners be restrained from accepting the road, or making any further payments to the contractor, and that a judgment in favor of the district be entered against the contractor for damages for failure to complete the road within the stipulated time, as well as for defects which are claimed to exist in it. Authority for the suit is found in the case of *Tallman* v. *Lewis*, 124 Ark. 6.

The contract under which the road was completed incorporates the following proposal made by the contractor:

"I submit the following proposal to construct a rock and gravel road from the center of Division street, near the Cotton Belt railroad crossing to Bayou Meto bridge near Goldman, according to the plans and specifications submitted by the district engineer and approved by the State Highway Engineer. I hereby propose to furnish all material, tools and labor for the above purpose for $31,577.15, and will complete said road in one hundred fifty working days, and will pay a penalty of ten dollars per day as liquidated damages to the board for every day over said number of days that I may require to complete the job. I further propose to furnish the following extras free of charge:

"1. Increase the size of the reinforced concrete bridge across the county ditch from 12 feet to 20 feet, and construct suitable guard rails at each end.

"2. I propose to straighten out the two short turns in the road west of Crooked Creek, and put a steel guard rail north of the railroad.

"3. I propose to construct a concrete retaining wall on each side of the road across Vinney Branch.

"4. I propose to rock or gravel Division Street thirty feet wide from railroad to Harlin corner.

"Yours truly,

"A. D. Bunn."

It is insisted that the amount of work done by the contractor exceeded the estimates made by the engineer of the amount of work to be done, which the enginer had made prior to the letting of the contract, and that the contractor should, therefore, be paid accordingly. This insistence is based upon the following clause in the plans and specifications, which, by the recitals of the contract, were made part of it:

"Fifth. Only actual quantities of work performed will be paid for, and upon completion of the work if actual quantities show either increase or decrease from the approximate estimates, then such variations will be computed at the unit price in the proposal."

It appears, however, that the district used the printed form of plans and specifications prepared by the State Highway Department. These are very lengthy, and cover thirty pages of the transcript, and were evidently intended to cover a wide range of construction. Many of the recitals found there are wholly inapplicable to the contract now under consideration, and the one quoted appears under the title of "Information for Bidders," and of the numerous blanks occurring the only one filled was the one showing the estimated yardage of earth to be removed.

The paragraphs quoted would apply, of course, where the contract was let by the yard, or at an agreed or unit price; but this contract was not let that way. It is true the engineer gave the contractor numerous estimates as the work progressed, based upon the price per yard named in the estimates, but no authority for that action is shown, and none appears in the contract. The contractor here proposed "to construct a rock and gravel road * * * according to the plans and specifications submitted by the district engineer and approved by the State Highway Engineer (and) * * * to furnish all material, tools and labor for the above purpose for $31,577.15." Upon the completion of the contract the contractor was entitled to the amount specified, and nothing more, whether the work was under or over the engineer's original estimate.

It is claimed, however, that the contractor was called upon to do, and that he did, several thousand dollars worth of work not called for in the specifications, and he asks pay therefor. There appears to be no inhibition in the law against commissioners having such extra work done as perfects, without materially altering, the general plan of the improvement, and, of course, the contractor would be entitled to compensation therefor. There is nothing in the contract here to prevent a recovery if extra work has been done, as the contractor's proposal covered only the work mentioned in the plans and specifications.

Learned counsel for the taxpayers insists that before the commissioners are authorized to have any work done not called for by the plans and specifications, or the district made liable therefor, there must be a revision of the plans covering such extra work and notice thereof given to the land owners to appear and show cause for or against the proposed extra work, and as authority for this position he cites and relies upon section 16 of act 338, Acts 1915, page 1400.

We had occasion to construe this section in the following cases: *Pritchett* v. *Road Improvement District No. 3 of Poinsett County* 142 Ark. 509; *Rayder* v. *Warrick,* 133 Ark. 491; *Hout* v. *Harvey,* 135 Ark. 104; *Harris* v. *Wallace,* 139 Ark. 184; and we think it is apparent that this section is intended to apply, and applies, only when some material alteration or change in the plans and specifications of the road, or the route of the road, is proposed; or when additional laterals or extensions are proposed, or matters involving possible additional cost, or a readjustment of the assessment of benefits, and the inclusion of additional territory; and does not apply to such extra work as is found necessary during the construction of the improvement to perfect the general plan of the improvement.

On the question of extra work we copy the following statement from the brief: "Now, as to the extras. One was the straightening out of the curve at Crooked Creek bridge. That cost me over $100. Another thing I was to do was to increase the size of the bridge across the county ditch from twelve to twenty feet. That was done. I also built two concrete retaining walls across Vinney Branch at the old dump. Also I put rock and gravel on Division street in Humphrey for two blocks. I performed all the work for which I have been paid, also that which is included in this estimate which I have attached to my deposition." These matters all appear to be expressly covered by paragraphs 1, 2, 3 and 4 of the contractor's proposal, and can not, therefore, be paid for as extras.

The contractor also claims to have put in 1,402 yards of extra work. But, as we understand the record, this is rock in excess of the engineer's estimate, and not rock used in doing work not called for by the original plans and specifications. If the contractor was correct in his construction of his contract, he would be entitled to compensation for this rock; but we do not accept his construction of the contract; and as he has not made it to appear that this is work not covered by the plans and specifications, his claim must be disallowed.

What we have said accords with the finding of the court below and disposes of the appeal of the contractor.

But there is a cross-appeal on the part of the taxpayers. By the cross-appeal the taxpayers seek to charge the contractor to the extent of $2,400 for delay in completing the work, and for the sum of $5,000 for defective work.

The contract provided that the work should be done within 150 working days, and that liquidated damages to the extent of $10 per day should be paid for all time in excess thereof consumed by the contractor. It is admitted that, exclusive of Sundays and holidays, 390 days were consumed in the construction of the improvement. But, without setting out in detail the testimony on this question, we approve the finding of the court below that the delay resulted from causes beyond the contractor's control, and not within the contemplation of the parties, and that he should not, therefore, be charged with the damages claimed.

As to the claim for defective work, it may be said that the testimony is in irreconcilable conflict, and might support a finding either way. The improvement was accepted, however, by the engineer of the district, by the commissioners of the district, and by the State Highway Commission, and the court found, "from a careful consideration of all the testimony, that there has been a substantial compliance with the contract," and as we are unable to say that this finding is clearly against the preponderance of the testimony we approve it.

It appears that the railway company gave a rebate of $410.16 on account of freight paid on rock and gravel, and that this rebate was allowed upon the theory that the hauling had been done for the road district, and not for the individual, and that a check for this rebate was made payable to the road district, which was delivered to, and cashed by Doctor Bunn; and it is insisted that the district should therefore recover this money from Doctor Bunn.

It may be true that the railway company allowed the rebate under a misapprehension; but we are not called upon to decide that question. As we have said, Doctor Bunn's contract required him to build the road for a fixed sum, and that sum included freight on material. If, therefore, the railway company has charged Doctor Bunn with less freight than it should have done, or would have done had it known that Doctor Bunn, and not the road district, would be the beneficiary of the rebate, the road district is in no condition to complain. It at least has no legal right to the money, whatever the remedy of the railway company against Doctor Bunn may be for erroneously allowing a rebate on freight for which Doctor Bunn, and not the road district, was liable.

The court found that under the contract there was due the contractor the sum of $838.24, and awarded judgment for that amount. We approve this finding and therefore affirm the decree both on the appeal and the cross-appeal.