NUNES *v.* COYLE.

Opinion delivered April 25, 1921.

1. HIGHWAYS—AUTHORITY OF COMMISSIONERS TO CHANGE ROUTE.— Commissioners of a road improvement district created under Acts 1915, p. 1400, were not authorized to change the route so as to construct a new road for a distance of 3½ miles where the county court had not established the new road, nor the property owners of the district consented to the change.

2. HIGHWAYS—CHANGE OF ROUTE—ESTOPPEL.—A landowner in a highway improvement district created under Acts 1915, p. 1400, was not estopped from questioning the right of the commissioners to make a material change in the route of the road for 3½ miles by reason of the fact that he signed a petition for the district in which he agreed to any change that might thereafter be made by the court or the commissioners.

Appeal from Polk Chancery Court; *James D. Shaver,* Chancellor; reversed.

*Lake & Lake,* for appellant.

1. The commissioners of district organized under act 338, Acts 1915, had no authority to change the location of the public road. The change can only be made by the county court. Art. 28, § 7, Constitution 1874; act No. 338, Acts 1915; 138 Ark. 549; 139 *Id.* 277; 89 *Id.* 513; 118 *Id.* 294; 92 *Id.* 93; 91 *Id.* 274.

2. The proposed change in the route of the road is the adoption of a new route, and only the county road can do this. 133 Ark. 491; 135 *Id.* 102.

*Norwood & Alley,* for appellees.

The route of the road is not changed at all. It was impracticable to stay with the old road, and the petition authorized the change. The court so found, and the finding will not be disturbed unless clearly against the preponderance of the evidence. 71 Ark. 643; 86 *Id.* 622. The facts are conclusive, and the findings of the chancellor could not be other than they were. The purpose of the order of the county court was to improve the road through the district "along" the public road, etc. As to definition of "*along*," see 1 Words & Phrases, p. 251. The

judgment below is sustained by the evidence, and the law as laid down by this court in a long line of decisions was followed. The commissioners did not exceed their authority given under the act. 123 Ark. 205 does not bear on this case. See 133 Ark. 491; 135 *Id.* 102. The commissioners acted within their authority. 142 Ark. 509. The decree is sustained by our decisions construing the Alexander Road Law.

SMITH, J. Appellant, who was the plaintiff below, is a landowner in Road Improvement District No. 1 of Polk County. This district was organized on the petition of the landowners under act 338 of the Acts of 1915, page 1400. This suit was brought to enjoin the commissioners and the contractor from proceeding with the construction of the road along the route selected by them. Upon final hearing a temporary restraining order which had been issued was dissolved and the suit dismissed for want of equity; and this appeal is from that decree.

The proposed improvement extends north and south almost entirely across Polk County for a distance of fifty miles, and throughout its course practically parallels the Kansas City Southern Railroad. The petition for the improvement gave the termini of the road and named the various towns and villages through which the proposed improvement would run. The prayer of the petition was granted by the county court, and the construction of the proposed improvement was ordered.

It was alleged, and shown by the testimony, that the public road between Wickes and Grannis crosses the Kansas City Southern Railroad to the west at a point approximately one mile south of Wickes, and runs in a southerly direction along the railroad to a point at Grannis, where it again crosses the railroad to the east. The distance between the two points is estimated to be three and one-half miles. The commissioners, on the recommendation of the engineer, selected a new route for this three and one-half miles along the east side of the railroad. The purpose of this change was to eliminate two

grade crossings of the railroad and to lesson the cost of construction. The testimony on the question of decreased cost is conflicting; but the court found that there would be a saving of nine thousand dollars; and we are unable to say that that finding is against the preponderance of the testimony.

The proposed change shifts the road to the opposite side of the railroad from a quarter to a half mile for a distance of three and one-half miles; and it is admitted that there is no public road along the route selected by the commissioners, and that no order of the county court has ever been made opening up this new road and authorizing this change. The only public road between the two points between which the change was made runs along the west side of the railroad.

The petition for the district, after defining the general course of the road, contains the following recital: "Your petitioners agree to any changes that may hereafter be made by the court or the commissioners of the district in the line of said road, provided that the general purpose of securing an improved highway between the termini mentioned is retained."

Appellant was among the property owners who signed the petition.

The court below made the following finding of fact: "That the entire road, when completed, extends north and south along the line of the Kansas City Southern Railroad; that the old roadbed, along which this improvement is being made, passes through a rough, hilly country for much of the way, and the old roadbed is very crooked, and to remain in the old road would be impractical, and of more expense, and there could not be constructed as good road by so doing, and that some changes in actual location is necessary and for the better, and that the change complained of is a change that should be made, and to do so is a saving instead of an expense."

In defense of this finding and the decree thereon, it is insisted that the act under which the district was created conferred the authority to make such a change as was

here made, and that if this is not true appellant is estopped from raising the question, inasmuch as he had consented in advance to changes in the route of the road by signing the petition.

The decree in this cause must be reversed. In the first place, no order of the county court was obtained laying out the three and one-half miles of new road. We have many times said that new roads could not be established and the burden of their maintenance imposed on the county except by the order of the county court. It is true we have also held that established public roads might be improved whether the county court had so ordered or not. And these holdings are not in conflict. In improving an established road the burdens of the county as a governmental unit are not increased. Those who assume this burden become the allies of the county court, as was said by Judge BATTLE in the case of *Parkview Land Co.* v. *Road Imp. Dist. No.* 1, 92 Ark. 93.

Here there is a laying out of an entirely new road for a distance of three and one-half miles; and that can be done only when the county court has so ordered. *Rd. Imp. Dist. No.* 1 v. *Glover,* 89 Ark. 513; *Sallee* v. *Dalton,* 138 Ark. 549.

We do not mean to hold that the county court could make an order in the instant case changing the road. We do hold that the change could not be made without the order of the county court; but the proposed change can not be made even with the approval of the county court because the property owners have not thereunto consented.

The case of *Pritchett* v. *Road Imp. Dist. No.* 3 *of Poinsett County,* 142 Ark. 509, is decisive of the question stated. We have here a proposed change of route, and not a question of laterals or extensions, and the change proposed is one which has not received the precedent approval of the county court. In the Pritchett case, *supra,* the approval of the court had been previously obtained; but, notwithstanding that fact, in holding against

the authority of the commissioners to change the route we said:

"The further question is then presented whether or not the changes in the route are in conformity with the original plans or whether they constitute an abandonment of the original route and a change to a wholly different route. There was, as before stated, a change in the route by shifting it a distance of one-fourth of a mile, running for a distance of one mile. This necessarily constituted the adoption of a different route, and not merely a slight change in conformity with the original route. It is conceded that this change was made for the purpose of benefiting appellants' lands, which, according to the judgment of the county court, would not have been benefited by the original improvement. This contention of counsel necessarily implies a substantial change in the route. It is, in other words, a substitution of an entirely new route for the one specified in the original plans upon which the petition of property owners was based. That is precisely what we held in *Rayder* v. *Warrick, supra*, could not be done. The laterals contemplated by the altered plans were authorized according to the decision in *Harris* v. *Wallace, supra*, but in testing the validity of the adoption of the new plans we must take them as a whole, for we are not at liberty in this proceeding to discard that which is beyond the statutory authority, leaving intact that part which is within the limits of such authority." See, also, *Phillips* v. *Tyronza Imp. Dist.*, 145 Ark. 487.

The change here proposed is greater than that which we held could not be made in the Pritchett case, *supra*. The proceeding in that case, as in this, was under act 338, Acts 1915, page 1400.

We think appellant is not estopped by the fact he signed the petition from questioning the right of the commissioners to make the proposed change in the route.

The paragraph in the petition quoted above consenting to change of route is in the identical language employed in the case of *Rayder* v. *Warrick*, 133 Ark. 491.

In that case the party who sought to enjoin the change of route had not signed the petition. The objecting landowner here did sign the petition. But that fact is not of controlling importance.

The petition in any event must be construed to conform to the statute under which the parties proceeded. The right to proceed is conferred by the statute, and the authority of those who act for the petitioners is derived from the statute. As was said in *Rayder* v. *Warrick, supra,* the petitioners have no power to legislate or to change the meaning of a provision of the statute; and we must hold that the language of the petition did not confer a power in excess of that granted by the statute.

The change proposed is not one of those minor changes which perfect the general plan, and, as no authority for the change exists, the injunction prayed for should have been granted.

The decree will, therefore, be reversed, and the cause, remanded with directions to enter a decree in accordance with this opinion.