MATLOCK *v.* JONES.

Opinion delivered June 7, 1926.

1. HIGHWAYS—ALTERATION OF ROUTE.—The county court had authority to change the route of the road, as designated by special Act No. 172, of February 18, 1920, creating a road improvement district, to a route as surveyed by engineers of the State Highway Department, where the termini remained the same; the construction of a dam having caused a portion of the original route to overflow.

2. HIGHWAYS—ALTERATION OF ROUTE—POWERS OF COMMISSIONERS.—Creation of a road improvement district is not invalidated by the fact that the commissioners were authorized by the act creating it to select or vary the route of the road to be improved.

Appeal from Garland Chancery Court; *William R. Duffie*, Chancellor; affirmed.

B. N. *Florence*, for appellant.

*Martin, Wootton & Martin*, for appellee.

WOOD, J. This is an action by the appellant against the appellees, Road Improvement District No. 2, Garland County, Arkansas, and its commissioners. The appellant alleged in substance that he was a taxpayer in the district, being an owner of lands therein, and he brings this action for the benefit of himself and all other taxpayers similarly situated. After setting up the special act creating the district, the appellant alleged that the district was created to construct a road to follow substantially the Hot Springs-Arkadelphia road to the county line, but that the appellees had filed a petition in the county court of Garland County in which it was alleged that the original improvement of the roadbed contemplated by the act could not be made by reason of the proposed construction of a hydro-electric dam across Ouachita River, which would cause a flooding of three miles of the roadbed, and the appellees asked that a change be made in conformity with the United States and State laws, so that Federal aid might be obtained in the construction of the improvement; that an order of the county court was entered making a change in the roadbed as described in the act to a route laid out by the engineers

of the State Highway Department as shown on a map filed with the petition; that the changed route under the order of the county court contemplated 6.1 miles of new roadbed passing through sections 20, 19, 24, 25, 26 and 35, township 3 south, ranges 19 and 20 west, and sections 2 and 1, township 4 south, range 20 west, instead of through the sections and townships as originally routed by the act. The appellant alleged that the construction over the route as changed by order of the county court could not be made under the act creating the district, for the reason that the change was so extensive as to constitute a deviation from the purposes of the district as created by the act of the Legislature, and had the effect of nullifying the provisions of that act. The appellees alleged that the act creating the district contemplated an improvement of the highway approximately ten miles in length, but that, under the change directed by the order of the county court, the roadbed would be lengthened exceeding one mile and take in a new roadbed, not provided in the act, of approximately six or seven miles. The commissioners answered the complaint, admitting all the allegations of fact therein, but denied that they could not proceed with the construction of the road over the changed route under the provisions of the special act creating the district.

The cause was heard upon the deposition of one R. A. Jones and the exhibits to his deposition, showing the petition filed in the Garland County Court and the order of the county court granting the petition for the change in route. The chancery court found that special act 172, approved February 18, 1920, created Road Improvement District No. 2 of Garland County, Arkansas, for the purpose of repairing, improving and constructing a public highway beginning on the north side of Grand Avenue, where it intersects with Central Avenue in the city of Hot Springs, Arkansas, and continuing in a southerly and southwesterly direction along the present public road known as the Hot Springs-Arkadelphia Road to the Garland County line, at a point

(describing it) and including property on each side of the road within the district. The court further found that the district and its commissioners had filed a petition in the Garland County Court alleging that the use of the roadbed as designated in the act creating the district was impossible in view of the proposed construction of the hydro-electric dam across Ouachita River, which would create a lake that would overflow that portion of the roadbed originally contemplated ''commencing at a point near the southern boundary of section 20, township 3 south, range 19 west, and extending to the southern boundary of section one, township four south, range twenty west, approximately three miles, and that Federal and State aid, which are necessary in the construction of the proposed road in the district, would be refused, and that a survey had been made by the Federal and State engineers whereby that part of the road which would be overflowed was changed from a point beginning approximately on the southern line of section 2, township 2 south, range 19 west, and extending to the southern line of section 1, township 4 south, range 20 west, Garland County, Arkansas, and passing through section 19, township 3 south, range 19 west, and sections 24, 25, 26, 35 and 36, township 3 south, range 20 west; that the Garland County Court, in accordance with act 422 of 1911 of the Legislature of Arkansas, duly entered its order changing said roadbed, as shown by the survey of the engineers of the State Highway Department, as exhibits ''C'' and ''D'' to the deposition of R. A. Jones; and that the commissioners will be unable to make the improvements contemplated by the act creating the district unless the road is constructed over the route as surveyed by the engineers for the State Highway Department. * * * And the court further finds that, in order to improve the road, it will be necessary for the commissioners to abandon approximately three miles of the road as designated in the act creating the district, and to improve a changed roadbed as designated by the county court for a distance of approximately six and a

half miles.'' The court found that the changed route is not such as to constitute an entire departure from the improvements contemplated by the act creating the district. The court thereupon entered its decree dismissing the appellant's complaint for want of equity, from which is this appeal.

The only question presented by this appeal is whether or not the county court of Garland County had authority to change the route of the road as described and laid out in the act creating the district to the route designated in the order of the county court making the change. The district was created by special act No. 172, approved February 18, 1920. The first section of the act creates the district, and names Robert Jones and John DeWoody and S. H. Grandstaff as commissioners thereof. The second section, after describing the road to be improved, contains this provision: ''The improvements to be made by the said district are to be made along the route designated in this act. If it becomes necessary to lay out or designate any new route, the same shall be laid out by the county court of Garland County in accordance with act No. 422 of the Acts of 1911 of Arkansas, being an act to amend § 7328 of Kirby's Digest of the Statutes of Arkansas. All changes in the route of the road are to be approved by the county court. Said road is to be constructed of material selected by the commissioners and approved by the county court.''

Section 5 of the act provides, among other things, that, ''if said commissioners deem it to the best interest of the district to vary the line of the roads as heretofore laid out, they may report that fact to the county court of Garland County, and, in the event if the county court approves of the report, it may make an order changing the route of the road, and, if necessary, it shall in that event lay out the new roads in the manner provided in act No. 422 of the Acts of the General Assembly of the State of Arkansas for the year 1911.''

The above provisions clothe the county court with ample authority to change the route laid out and

described in the act creating the district to the route designated in the order of the county court making the change; that is, to the route as shown by the plans, plat, profile and survey prepared by engineers of the State Highway Department and attached to the petition of the commissioners filed before the county court praying for the change in the route. The language of the act under review, it will be observed, confers authority upon the county court "if it becomes necessary to lay out or designate any new route," to make an order changing the route of the road and lay out the new road in the manner provided in act No. 422 of the Acts of 1911. Act No. 422 confers upon the county court the "power to open new roads, to make such changes in old roads as may be deemed necessary and proper." It occurs to us, when the language of the act under consideration is taken in connection with the language of act 422, *supra,* the Legislature intended to confer upon the county court, not only the power to make material changes in the road to be improved as designated in the act creating the district, but also, if the commissioners and the county court deemed it to the best interests of the district, the power to designate and lay out an entirely new route to be improved under the terms of the statute creating the district. The language of the statute conferring such power is unambiguous and unmistakable. It is not within the province of the court to limit it. The purpose of the law is expressed in its second section—"to repair, improve and construct a public road, beginning on the north side of Grand Avenue where it intersects Central Avenue in the city of Hot Springs, Arkansas, and running thence in a southerly and southwesterly direction along the present public road known as the Hot Springs-Arkadelphia road to the county line." The termini of this road are thus fixed on the Hot Springs-Arkadelphia Road at a certain place in the city of Hot Springs as the beginning of the northern terminus of the road, and the county line of Garland County on the Hot Springs-Arkadelphia Road as the

southern terminus. Observing these termini and this general direction, unquestionably the act creating this district contemplates that the commissioners of the district, if they deem it for the best interest of the district, may report an entirely new road, and the county court, if it approves their report, may lay out such new road to be improved under the act creating the district.

In *Bulloch* v. *Dermott-Collins Rd. Imp. Dist.*, 155 Ark. 176, page 186, we said: "The rule contended for, that only immaterial changes can be made in the route, is applicable to districts organized under the Alexander law, or special acts in which authority was not conferred on any agency to make a change in the route. * * * The Legislature has authority to create an improvement district based upon the benefits to the lands included therein, and to designate the route, or select an agency to do so, without the consent of the propery owners. Having such authority, it naturally follows that it may authorize an agency to make a material change in the designated route."

And in *Mashburn* v. *Northern Arkansas Imp. Dist. No. 3*, 167 Ark. 58, we had under consideration the following language: "If such plans contemplate that the line of any public road to be improved shall be straightened or changed, and the county court of the county in which the changed part is situated approve the same, this shall constitute a laying out by the county court of the said road as changed." A majority of the judges construed this language to mean that "the board of commissioners may, with the approving action of the county court, make material changes in the route, if those changes are not such as to constitute an entire departure from the improvement contemplated by the statute." The language of the statute in the case at bar is more comprehensive and confers a broader power than the statute under review in the above cases, in that it vests the commissioners with the power to report the new route to the county court and the county court with the power to lay out the new road as reported. This court,

in numerous cases, has held that the creation of an improvement district is not invalidated by the fact that the commissioners were authorized by the act creating the district to select or vary the route of the roads to be improved. *Board of Com. Rd. Imp. Dist. No. 9* v. *Furlow,* 165 Ark. 60-64, and cases there cited.

The decree is therefore in all things correct, and it is affirmed.