WILSON *v*. RAMBO.

Opinion delivered October 28, 1929.

228

*Alley & Olney,* for appellant.

*Minor Pipkin* and *Duke Frederick,* for appellee.

HART, C. J., (after stating the facts). It is sought to uphold the decree upon the authority of *Taylor* v. *Rogers,* 176 Ark. 156, 2 S. W. (2d) 56. In that case it was held that all contracts made by road improvement district commissioners for the construction of bridges on the main line of the road involved, and which formed a part of the State Highway system, made subsequent to the passage of act 11 of the Acts of 1927, were made without authority, and are void. It was further held that all contracts, made either prior or subsequent to the passage of the Acts of 1927 relating to improvements of roads not a part of the State Highway system, are valid and binding if made in compliance with the law authorizing the same.

The improved highway was organized under the provisions of the act of 1915 commonly called the Alexander Road Law, and under the terms of that act commissioners are authorized to make changes in the character and route of the road to be improved. This court, however, has uniformly held that such changes in the character of

the improvement and the route of the road must be confined to those which are consistent with the original plans, and that material changes in the plans or route of the road cannot be made. *Rayder* v. *Warrick*, 133 Ark. 491, 202 S. W. 831; *Hunt* v. *Harvey*, 135 Ark. 102, 204 S. W. 600; *Nunes* v. *Coyle*, 148 Ark. 365, 230 S. W. 11; *Matlock* v. *Jones*, 171 Ark. 45, 284 S. W. 30.

It is first earnestly insisted by counsel for appellee that the contract had been completed, in so far as the proposed change in the route is concerned, and that the commissioners had no authority to make a new contract for the proposed change after the passage of the acts relating to the subject by the Legislature of 1927. We do not agree with counsel in this contention. The original contract was made on a yardage basis, and was an entirety. It contemplated that the whole of the proposed improved road should be constructed before the contract was at an end. The contract was on a yardage basis, and did not contemplate that the construction of any part of the road should terminate the contract in so far as that part was concerned. As we have already seen, it was in the power of the commissioners to make changes in the route of the road under the Alexander act, under which the district was organized; and the contract for the construction of the road was executed in contemplation of this provision of the statute. The construction contract was made on a yardage basis, and applied to changes in the route of the improved highway as well as to that part of the highway which was already laid out and established. The fact that the change was made after the improvement had been made along that part of the road did not affect the power of the commissioners to make the change; and, inasmuch as the commissioners had the power to make the change, it was the duty of the contractors to construct the proposed change or changes in accordance with the plans of the commissioners. The contract was made before the Acts of 1927 were passed, and, under the case cited above, the commissioners had a right to enforce the original contract.

We are of the opinion that, under the terms of the original contract, the commissioners were bound to construct the improved road along the proposed change, provided they had the power to make the proposed change, under the authority of the county court. The record shows that the proposed change was sanctioned by the county court, and that it was ordered to be made a part of the proposed public highway. The city of Mena also passed an ordinance laying out the proposed route as a city street.

As we have already seen, the act under which the district was created gave the commissioners the power to alter the route, provided the change was not a material one. In other words, any change, in order to be made, must not be a material change in the route, but must be a minor change which tends to perfect the general plan of the proposed road. The proposed road runs from the north part of Polk County through the city of Mena to the south boundary of the county, where it touches Sevier County. When we consider the length of the road as running through the entire county from north to south, and the fact that the proposed change made shorter the road four or five hundred feet, and that it eliminated two right-angle curves in the city of Mena, we do not think that it can be classed as a material change in the route. On the other hand, we think that it is a minor change which tends to conform to the original plans of the road and make it more perfect, and safer for the public travel.

The result of our views is that the proposed change is a valid one, and the chancellor erred in not so holding. It follows that the decree must be reversed, and the cause will be remanded with directions to the chancery court to dissolve the injunction, and to dismiss the complaint for want of equity. It is so ordered.