## NEMIER *v.* BRAMLETT.

### Opinion delivered April 15, 1912.

1. HIGHWAYS—CONCLUSIVENESS OF REPORT OF REVIEWERS.—The report of reviewers as to the amount of damages sustained by the establishment of a public road is not final or conclusive upon the owner of the land taken until judgment of the county court is rendered, giving it force and validity. (Page 210.)

2. SAME—ESTABLISHMENT—REVIEW.—The special statute regulating appeals from judgments of the county court opening public roads (Kirby's Digest, section 3006) was not repealed by the general act, subsequently passed, regulating appeals from final orders and judgments of the county court. (Page 210.)

3. SAME—ESTABLISHMENT—FILING BOND ON APPEAL—Under Kirby's Digest, section 3006, providing that one who appeals from the final decision of the county court establishing a new county road shall "enter into bond, with good and sufficient security, to be approved by the clerk

of the county court," etc., the appeal is not invalidated because the bond was signed only by the appellants, and because it was approved by the county judge, and not by the county clerk, since, upon objection to the bond, it was the duty of the court to allow a new bond to be filed if tendered in time. (Page 211.)

Appeal from Randolph Circuit Court; *J. W. Meeks*, Judge; reversed.

*C. H. Henderson*, for appellant.

The circuit court erred in dismissing the appeal from the county court. Kirby's Dig., §§ 1487, 3006; 135 S. W. 833; 47 Ark. 441.

*T. W. Campbell*, for appellees.

1. Appellants in their attempted appeal from the county court failed to comply with the statute, Kirby's Dig., § 3006, in that the so-called appeal bond is not signed by any sureties; it was not approved by the county clerk, whereas, under the statute such approval is an essential prerequisite, and the bond is not conditioned as required by the statute, 53 Ark. 417.

2. The report of the reviewers was final and conclusive. Kirby's Dig., § 3005.

McCULLOCH, C. J. Appellant is the owner of land in Randolph County through which the county court established a public road. He filed exceptions to the report of the viewers assessing his damages, and the court appointed reviewers, who made a report assessing the same amount of damages. His exceptions to the last report were overruled, and he appealed to the circuit court from the order of the county court, and there the appellee, who was one of the petitioners for the road, moved the court to dismiss the appeal, which motion was sustained, and an appeal has been prosecuted to this court from that order.

It is contended, in the first place, that the report of the reviewers as to amount of damages was final and conclusive upon the original petitioners and also upon those who requested the review. This contention is unsound, for this court has held that the assessment of damages by viewers is not binding until judgment of the county court is rendered giving it force and validity. *Howard* v. *State*, 47 Ark. 431; *Lonoke County* v. *CarlLee*, 98 Ark. 345.

There is a special statute regulating appeals from judg-

ments of the county court establishing roads, and appellant complied with that provision of the statute. Kirby's Digest, § 3006; *Baugher* v. *Rudd*, 53 Ark. 417. The section which is referred to reads as follows:

"An appeal from the final decision of the county court for a new county road, or for vacating, altering, or reviewing any county road, shall be allowed to the circuit court. Provided, that notice of such appeal be given by the appellant during the same term of the county court at which said decision was made; and the appellant shall, within ten days thereafter, enter into bond, with good and sufficient security, to be approved by the clerk of the county court, for the payment of all costs and expenses arising from such appeal. Minors, idiots and lunatics, by their guardians, may appeal without giving bond. The circuit court may order another view or review of such road, or make such other orders as the justice of the case demands. The county court, after notice of appeal has been given, shall not issue any order in the premises until after ten days shall have expired from the time of making the decision appealed from; if the appeal shall not have been perfected agreeably to the provisions of this act, the clerk shall issue the order for the opening of the road. The decisions of the circuit court on petitions for roads taken into said court by appeal shall be recorded in the record of said county court appealed from."

It is contended that the appeal was not properly taken, for the reason that the bond was not approved by the clerk, but by the county judge, and that the bond was insufficient to give the circuit court jurisdiction for the further reason that it was signed only by the principals and not by sureties. The bond, after being approved by the county judge, was filed with the clerk, and it was his duty under the statute either to approve it or disapprove it. The circuit court could compel him to do so, and the jurisdiction of the latter court did not depend upon the clerk's having performed his duty in that respect. Nor did the failure to strictly conform to the statute, in giving a bond with proper security, affect the jurisdiction of the circuit court. If objection had been made to the bond on account of the failure to have it signed by sureties, it was the duty

of the court to allow a new bond to be given if tendered in apt time.

Our conclusion is that the circuit court erred in dismissing the appeal, and for this error the judgment is reversed, and the cause remanded with directions to overrule the motion and allow appellant to give another bond with sufficient security as provided by the statute.