## WARD v. WILSON.

### Opinion delivered February 5, 1917.

1. STATUTES—CONSTRUCTION—REPEAL.—A general affirmative statute does not repeal a prior particular statute or particular provision of a prior statute upon the same subject, unless there is an invincible repugnancy between the two.

2. APPEALS—FROM COUNTY COURT IN ROAD MATTERS—HOW OBTAINED.—Kirby's Digest, § 3006, regulating appeals from county courts in road matters, was not repealed by the Kirby's Digest, § 1487, the general statute on appeal from county courts.

Appeal from Mississippi Circuit Court, Osceola District; *W. J. Driver*, Judge; affirmed.

*J. T. Coston*, for appellant.

1. The affidavit for appeal was fatally defective. (1) It does not state that appellants are aggrieved by the decision. (2) It fails to state that the appeal is not taken for vexation. Kirby's Digest, § 1487; 44 Ind. 440; 80 S. W. 337; 152 *Id.* 308; 95 Ark. 148; 92 *Id.* 151; 93 *Id.* 265; 5 Okla. 736; 46 Conn. 528; 54 Atl. 755; 51 Mo. 440; 102 S. W. 1104, etc.

*Virgil Greene*, for appellee.

1. No motion to dismiss the appeal was made. 99 Ark. 56. No affidavit for appeal was necessary. Kirby's Digest, § 3006. Section 1487 does not apply.

McCULLOCH, C. J. This appeal is from a judgment of the circuit court rendered in a proceeding which originated in the county court concerning the opening of a public road. The sole question involved now relates to the correctness of a ruling of the circuit court in refusing to dismiss the appeal from the county court on the ground of alleged insufficiency of the affidavit for appeal. The contention of appellants is that the question is controlled by the provisions of Kirby's Digest, section 1487, which regulates, generally, appeals from county courts and provides that an appeal may be granted "by the party aggrieved filing an affidavit, and prayer for an appeal with the clerk of the court in which the appeal is taken," and that the "party ag-

grieved, his agent or attorney, shall swear in said affidavit that the appeal is taken because the appellant verily believes that he is aggrieved, and is not taken for vexation or delay, but that justice may be done him." The general statute just referred to is a part of the act of February 20, 1883. See Acts 1883, p. 48. Appellee contends that the statute just referred to has no application, but that an appeal from the judgment of a county court in a matter relating to the opening, vacating or altering of a public road, is regulated by the provisions of Kirby's Digest, section 3006, which is a part of the act of March 23, 1871. The last named statute does not require the filing of an affidavit. It merely requires that notice of the appeal be given during the term at which the decision is made, and that "the appellant shall within ten days thereafter enter into bond, with good and sufficient security, to be approved by the clerk of the county court, for the payment of all costs and expenses arising from such appeal."

The question is ruled against appellants by the decisions of this court in *Baugher* v. *Rudd*, 53 Ark. 417, and *Nemier* v. *Bramlett*, 103 Ark. 209, where the court announced the application of the rule that "a general affirmative statute does not repeal a prior particular statute or particular provisions of a prior statute upon the same subject, unless there is an invincible repugnancy between the two," and that in accordance with that rule the Act of 1871 regulating appeals from county courts in road matters, was not repealed by the later act of 1883 regulating generally appeals from county courts.

Affirmed.