OUACHITA COUNTY *v.* STONE.

Opinion delivered May 9, 1927.

1. LICENSE—MOTOR VEHICLE REGISTRATION.—Acts Sp. Sess. 1923, p. 11, relating to the operation of a system of State highways, *held* to repeal Acts 1921, p. 490, § 15, amending Crawford & Moses' Digest, § 7414, relating to registration of motor vehicles, since the entire subject-matter of the former act was covered and the later act was evidently intended as a substitute.

2. STATUTES—IMPLIED REPEAL.—While the courts are slow to hold a prior statute repealed by implication, a later statute may have the effect of repeal, though such purpose is not expressly declared.

Appeal from Ouachita Circuit Court; *W. A. Speer,* Judge; reversed.

*H. W. Applegate,* Attorney General, *John L..Carter, Walter L. Brown* and *Gus W. Jones,* for appellant.

*T. J. Gaughan, J. T. Sifford, J. E. Gaughan* and *E. E. Godwin,* for appellee.

SMITH, J. Appellee, who is the assessor of Ouachita County, filed two claims with the county court of that county for services rendered pursuant to § 15 of act 494 of the Acts of 1921 (Acts 1921, page 490), which reads as follows: "That § 7414 of Crawford & Moses' Digest is amended to read as follows: 'The tax assessor of each county shall annually return to the county clerk a sworn list of all persons who own automobiles or other vehicles subject to any State license tax, and, as soon as any additional vehicle is acquired or brought into the county subject to such license tax, he shall promptly assess and return the name of the owner thereof, as herein required. The assessor shall be allowed fifteen (15) cents for every license fee assessed in this manner, to be paid out of the county highway improvement fund.' The said amount allowed the assessors under the provisions of this act shall be paid in the manner now provided by law for paying claims against the county after the claims have been duly verified and approved by the county court, and shall be in addition to any other compensation, and shall be paid out of said county highway improvement fund."

Appellee's claims were disallowed by the county court, but were allowed by the circuit court on appeal, and the county has duly prosecuted this appeal to reverse that judgment.

In support of his claims, appellee testified that he copied from the stubs in the collector's office the names of all persons who had paid the collector the automobile license tax, and, after copying the lists, he verified them and filed them with the clerk of the county court. The first list contained the names of all persons who had paid the license fee to the collector for the year 1925, and the fee claimed for that service was $615.45. The second list contained the names of persons who had paid the license fee for the year 1926, and the fee claimed for that service was $690.

In opposition to the claims of the assessor it is insisted by the county (1) that the act did not authorize the fee claimed, and (2) that the act was repealed by the subsequent act No. 5 of the special session of 1923, approved October 10, 1923. Acts Special Session 1923, page 11.

As we have concluded that the county is right in its second contention, we do not stop to inquire whether it is not also right in its first contention.

The act of 1921 is entitled: "An act to regulate the registration of motor vehicles, and for other purposes." By this act it is declared unlawful to operate a motor vehicle on any highway of this State without registering it, and a fee for the registration is provided, from which certain vehicles are exempted. Provision was made by which dealers might register cars before sale, and for computing the fee to be collected on all vehicles. The Highway Commissioner was charged with the duty of preparing a table or chart showing the fees to be collected, which he was required to furnish to the collecting officers of the different counties. The calendar year for the collection of the fee was stated, which fee was declared to be in addition to certain privilege taxes. Provision was made whereby the licenses might be

applied for and secured, and for the collection of delinquent fees against owners subject to the license tax who had failed to pay. By § 11 it was provided that the collector of each county should pay into the treasury of his county, to the credit of a fund to be known as the "county highway improvement fund," seventy per cent. of the collections, less the fee for collection, and that the balance should be paid into the State Treasury to the credit of the State highway fund.

Other sections provided for the return of blank applications for licenses which had been sent out to the collectors, for the operation of vehicles owned by non-residents, and for the replacement of registration plates. Section 15 of the act has been quoted. The office of State Highway Attorney was abolished, and an additional assistant was provided for the Attorney General. The time was fixed in which the collection of the license fees should begin, and all laws in conflict with the act were repealed.

It will be observed that § 15 provides that the assessors shall be compensated for the service which that section requires them to perform out of the county highway improvement fund, and that § 11 of the act requires the collectors to pay into this fund seventy per cent. of their collections.

Act 5 of the special session of 1923 is entitled: "An act to be entitled, An act to lay out and operate a system of State highways, and providing for the construction, reconstruction and maintenance of said roads; fix automobile, gasoline and oil taxes, and participate in the payment of bonds of certain road improvement districts, provide limitations on costs on and certain of such districts, and for the distribution of certain funds to the various counties."

This act consists of eighty-five sections, and extends from page 11 to page 91 of the Special Acts of 1923. It is a very comprehensive act, and embraces all the matters covered in the act of 1921 and other subjects in addition. By § 84 of the Acts of 1923 numerous sec-

tions of Crawford & Moses' Digest are specifically repealed, but no reference is there made to the act of 1921, but the act of 1923 does repeal all laws and parts of laws in conflict therewith. Such, of course, is its necessary effect.

Section 11 of the act of 1921, which directs the collector to pay seventy per cent. of the collections to the treasurer of the county where the collections were made to the credit of the county highway improvement fund, was not specifically repealed, yet such is the necessary effect of § 6 of the act of 1923. By this section all fees which the act of 1921 authorized to be collected, with certain additional fees, were made payable to the State Treasurer, to the credit of the State highway fund.

The act of 1923 omits entirely the provisions of § 15 of the act of 1921, and we think the effect of this omission was to repeal it as well as the remainder of that act, and, having been repealed, there were no duties for the assessor to perform thereunder, and consequently that officer was not entitled to compensation for the service rendered by him pursuant thereto.

A comparison of the act of 1921 with that of the act of 1923 makes it clear that the legislative intent was that the later act should supersede the earlier one and thereby repeal it.

Where there is no express repeal of a prior statute by a later one on the same subject, it is to be presumed that no repeal was intended, and the courts are slow to hold that the prior statute was repealed by implication, but such may be the effect of the later statute, although that purpose was not declared. The rule in this behalf has been frequently declared by this court, a late case being that of *State* v. *White,* 170 Ark. ·880, 281 S. W. 678, in which numerous earlier cases on the subject are cited. It was there said:

"In a recent decision we undertook to cover this subject in the following statement: 'It is a principle of universal recognition that the repeal of a law merely by implication is not favored, and that the repeal will not

be allowed unless the implication is clear and irresistible; but there are two familiar rules or classifications applicable in determining whether or not there has been such repeal. One is that, where the provisions of two statutes are in irreconcilable conflict with each other, there is an implied repeal by the later one, which governs the subject, so far as relates to the conflicting provisions, and to that extent only. * * * The other is that a repeal by implication is accomplished where the Legislature takes up the whole subject anew and covers the entire ground of the subject-matter of a former statute, and evidently intends it as a substitute, although there may be in the old law provisions not embraced in the new' (Citing cases).''

We think it is obvious that, by the act of 1923, the Legislature took up the whole subject of the act of 1921 and covered the entire ground of the subject-matter of the prior statute, and was intended as a substitute for it, and, this being true, the act of 1921 was repealed.

As the services charged for which form the basis of the claims against the county were authorized only by the act of 1921, it follows that there is no authority for the allowance of the claims.

The judgment of the court below will therefore be reversed, and the cause of action dismissed.