## CORDELL *v*. KENT.

### Opinion delivered June 20, 1927.

1. STATUTES—IMPLIED REPEAL.—Acts 1927, p. 388, authorizing all local improvement districts to refund their indebtedness, which was a permanent measure designed to provide for improvement district debts in the future, *held* not to repeal Acts 1927, p. 338, which was a specific emergency measure passed at the same session authorizing road districts to refund their indebtedness.

2. STATUTES.—IMPLIED REPEAL.—A general affirmative statute does not repeal a prior particular statute or particular provisions of a prior statute on the same subject, unless there is an invincible repugnancy between the two.

3. STATUTES — CONTEMPORANEOUS ACTS. — Contemporaneous statutes enacted at the same session of the Legislature should be so construed as to give effect to both of them, if such construction is possible.

Appeal from Howard Chancery Court; *C. E. Johnson,* Chancellor; reversed.

*Robinson, House & Moses* and *Jas. S. McConnell,* for appellant.

*Charles Jacobson,* for appellee.

McHANEY, J. Appellee brought this suit to enjoin appellants, as commissioners of the Howard-Sevier Road Improvement District, from refunding its past due bonded indebtedness and interest under the provisions of act number 114, Acts of 1927, on the ground that

·said act· had been repealed by act 126 of 1927. Appellants demurred to· the complaint, which was overruled, and, on declining to plead further, the injunction issued. To determine the. correctness of this action of the court this appeal is prosecuted.

Act 114 is entitled, "An act to authorize road improvement districts in the State of Arkansas to refund present indebtedness, and for other purposes," and was approved March 4, 1927. Act 126 is entitled, "An act to provide for the refunding .of the indebtedness of local improvements districts," and was approved March 7, 1927. These acts will be found on pages 337 and 338, respectively, of the Acts of 1927. Act 114 applies to road districts only, whereas act 126 applies to all local improvement districts, including road districts, levee and drainage districts. Act 114 is a specific declaration of the Legislature, authorizing, not requiring, road districts to refund their bonded indebtedness which became due prior to January 1, 1927, whereas act 126 is a general declaration of the Legislature, applicable to all improvement districts, authorizing them to refund their "bonded or other indebtedness" becoming due at any time, either prior or subsequent to January 1, 1927. Act 114 is rather in the nature of an emergency measure to provide a quick and easy method of refunding past due and pressing debts in defaulting districts, whereas act 126 is a permanent measure, designed to take care of improvement district debts at any time in the future. We have made this comparison of these acts as a premise for .our conclusion that 114 is not repealed by 126. We do not deem it necessary to set these acts out, nor to pursue a further· comparison of their provisions.

This court, in *McPherson* v. *State*, 29 Ark. 225, quoted with approval:

" 'A statute,' says Dwarris, 'can be repealed only by an express provision of a subsequent law, or by necessary implication. · To repeal· a statute by implication, there must be such a positive repugnancy between the provisions of the new law· and the old that they cannot

stand together or be consistently recognized.' Dwar. Stat. 155. And Sedgwick says: 'A general statute, without negative words, will not repeal the particular provisions of the former, unless the two acts are irreconcilably inconsistent.' Sedg. Stat. Law.''

In the same case it is further said:

"There is, however, another rule of construction sometimes employed, which we should perhaps notice, which is that, where the Legislature takes up a whole subject anew, covering the whole ground, revising the whole subject-matter of a former statute, and evidently intending to enact a substitute, the old statute is repealed, although the new statute contains no express words to that effect.''

In *Baugher* v. *Rudd*, 53 Ark. 418, 14 S. W: 623, this court said:

"The rule of construction is that a general affirmative statute does not repeal a prior particular statute or particular provisions of a prior statute upon the same subject, unless there is an invincible repugnancy between the two.''

This case was cited in *Nemier* v. *Bramlett,* 103 Ark. 209, 146 S. W. 486, and the above quotation was cited with approval in *Ward* v. *Wilson,* 127 Ark. 266, 191 S. W. 917.

There are numerous cases in this court holding to the same rule of construction and none to the contrary. Under this rule it is manifest that act 126 does not repeal act 114. The repealing clause in act 126 does not expressly repeal act 114. It merely recites that all laws in conflict are repealed, and to hold that the one repeals the other we would have to say that there is such a repugnancy in the later act that the earlier is necessarily repealed, or that the Legislature took up the whole subject-matter anew in the later act and evidently intended to enact the later as a substitute for the earlier, which we cannot do under the rule announced.

Both acts were passed by the same session of the Legislature, and approximately at the same time, 114 being finally passed through the Legislature on March

3, and approved by the Governor on March 4, and act 126 was finally passed through the Legislature on March 4 and approved by the Governor on March 7.

And there is another rule of construction, that contemporaneous statutes enacted by the same session of the Legislature should be so construed as to give effect to both of them as to come "within the reason of the rule governing the construction of statutes *in pari materia.*"

In *Arkansas Railroad Commission* v. *Stout Lumber Co.,* 161 Ark. 164, 225 S. W. 912, this court quoted with approval from *Smith* v. *People,* 47 N. Y. 330, as follows:

"Statutes enacted at the same session of the Legislature should receive a construction, if possible, which will give effect to each. They are within the reason of the rule governing the construction of statutes *in pari materia.* Each is supposed to speak the mind of the same Legislature, and the words used in each should be qualified and restricted, if necessary, in their construction and effect, so as to give validity and effect to every other act passed at the same session."

In 25 Ruling Case Law, 930, it is said:

"Effect should be given, if possible, to statutes *in pari materia,* enacted at the same legislative session, and where two acts relating to the same subject were under consideration and enacted at the same session of the Legislature, the courts, it has been said, will exhaust all the resources of interpretation before coming to the conclusion that there is an irreconcilable repugnancy between them and that one repeals the other. Acts passed at the same legislative session are construed as one act on the same subject. And, instead of holding such acts repugnant, the courts will give effect to both, although, in order to do so, it becomes necessary to engraft one on the other, or incorporate the earlier into the later act, as an exception to its provisions * * *."

And this rule has been long adhered to in the decisions of this court, for, in *McFarland* v. *Bank of the State,* 4 Ark. 410, it is said:

"This view of the case is strengthened by considering that both the general and special law of interest were before the Legislature at one and the same time, and that there were only four days between their respective dates. The proximity of these dates raises a violent presumption, if it does not amount to full proof, that the term 'corporation' used in the general law of interest was never intended to embrace or apply to the transactions of the bank."

Under this rule we cannot say that act 126 repeals act 114.

We do not deem it necessary to discuss the other questions raised in the complaint of appellee, as the case was decided by the chancellor on the ground that act 126 repealed act 114 by implication. However, we may say that we have examined carefully the provisions of act 114 and do not find it subject to the criticisms set out in appellee's complaint.

It necessarily follows, from what we have said, that the court erred in overruling appellant's demurrer to the complaint. The cause will be reversed, and remanded with directions to sustain the demurrer to the complaint, and for other proceedings according to the principles of equity and not inconsistent with this opinion. It is so ordered.