TAYLOR *v.* ROGERS.

Opinion delivered January 30, 1928.

1. CONSTITUTIONAL LAW—IMPAIRMENT OF OBLIGATION OF CONTRACT.— A contract for improving a road under the Alexander Road Law (Acts 1915, p. 1400), and Acts 1925, pp. 297, 627, let prior to the Martineau Road Act (Acts 1927, p. 17), could not be abrogated or impaired by the latter act.

2. STATUTES—IMPLIED REPEAL.—To constitute a repeal by implication, there must be such a positive repugnancy between the two

laws that they cannot stand together, and there must be irreconcilable conflict or a substitution of one for the other.

3. HIGHWAYS—LIMITATION ON BOND ISSUES.—Acts 1925, p. 297, removing the 30 per cent. limitation on bond issues for road construction, was not impliedly repealed by Nos. 11, 112, 238 of Acts 1927.

4. BRIDGES—VALIDITY OF CONTRACTS FOR CONSTRUCTION OF BRIDGE.—Contracts of a road improvement district for the construction of bridges on a road forming part of the State Highway System, made subsequent to the Martineau Road Act (Acts 1927, No. 11), *held* void, as that act intended to give the State exclusive jurisdiction of the State Highway System; but contracts relating to improvement of lateral roads not part of the State Highway System are valid and binding.

Appeal from Mississippi Chancery Court, Osceola District; *J. M. Futrell*, Chancellor; modified.

*L. P. Biggs,* for appellant.

*J. T. Coston,* for appellee.

McHANEY, J.   Appellants are citizens and taxpayers in Osceola & Little River Road Improvement District No. 1 of Mississippi County, and appellees are the board of commissioners of said district.   The district was organized some ten years ago by an order of the county court of the Osceola District of Mississippi County, on a petition of property owners in the district, under the act of 1915, commonly known as the Alexander Road Law. Bonds were issued to the extent of 30 per cent. of the assessed value of real property within the district and construction begun, but the sum of money realized from the sale of bonds was insufficient to improve the roads in the district, and at the session of the Legislature in 1925 the limitation of 30 per cent. of the assessed value in the Alexander Road Law was removed by acts Nos. 99 and 215, which authorized the district, on petition of a majority of the property owners in numbers or acres, to issue bonds sufficient to complete the work of improving the roads in the district.   Acting under the authority of said act 99, a majority of the property owners petitioned, and the county court made additional orders authorizing the issuance of additional bonds, which were sold and the money used in the construction and improve-

ment of the roads in the district. All of which was done prior to the passage of act 11 of the Acts of 1927, commonly known as the Martineau Road Act. The plans of the district provided for the improvement of the road from Osceola west to Little River, a distance of fifteen miles, and the construction of more than thirty miles of laterals. The main line of the road crosses several drainage canals, and the plans for the work provide for bridges to be built across said canals, which, it is alleged, will cost approximately $42,000. The improvement contemplated on the main line of this road has been completed except the construction of the bridges, and no contract was let for the construction of such bridges prior to the passage of the Martineau Road Act, but a contract has been let therefor since that time. A contract was let prior to the passage of the Martineau Act to construct and improve the laterals, but the work thereunder has not been done, and the district seeks to issue additional bonds to construct and improve such laterals, and it is alleged it will be necessary to issue bonds to the extent of $90,000 in addition to a sum sufficient to build the bridges on the main line to carry out the contract on the laterals, which had already been entered into prior to the passage of the Martineau Act; and, in addition, that it will require at least $75,000 more to improve other laterals within the district, which are necessary to the efficiency of the system of road improvement for which the district was organized. In other words, the district desires to issue additional bonds to raise money for three purposes:

(1) For completing the work of improving the laterals embraced in the contract let prior to the passage of the Martineau Act. (2) For building the bridges on the main line for which contract was let subsequent to the passage of the Martineau Act. (3) For improving the laterals within the district for which contract was let after the passage of the Martineau Act.

The State, under the Martineau Act, has assumed the payment of the bonds heretofore issued by this dis-

trict, and has taken over the main line, the road from Osceola west to Little River, fifteen miles, but has not taken over the laterals, the main line being a part of the State Highway System, but the laterals were not included therein.

By this action appellants seek an injunction against the commissioners of the district to prevent them from issuing any additional bonds for any purpose. Appellees filed an answer, setting up substantially the facts as heretofore stated, to which appellants demurred. On a hearing, the court sustained the demurrer as to the issuance of any additional bonds, except enough to raise funds sufficient to pay for work contracted prior to the passage of the Martineau Act, and perpetually enjoined the road district from issuing any bonds to pay for bridges, or any work not contracted prior to the passage of the Martineau Act. From this judgment both parties have appealed.

The first question raised by counsel for appellant relates to the authority of the district to issue bonds to carry out the contract for the improving of the laterals called for in the original plans, which contract was let prior to the passage of the Acts of 1927. This question must be decided against appellant's contention, as all valid contracts for road construction let prior to the passage of the Martineau Act could not be abrogated or impaired by any action of the Legislature. In *Morgan Engineering Co. v. Cache River Drainage Dist.*, 115 Ark. 437, 172 S. W. 1020, this court said:

"It is well settled under our Constitution that the Legislature may not pass an act impairing the obligation of a contract. The board of directors of the drainage district made a valid and binding contract with the engineering company to furnish all the engineering services that would be required in the preliminary surveys, and also for the construction of the ditches required under the terms of the act. Any law passed by the Legislature, the effect of which would be to impair the binding force of

this contract, would be contrary to the Constitution, and void."

It is next insisted by counsel for appellant that act 99 of the Acts of 1925 is impliedly repealed by acts Nos. 11, 112 and 238 of 1927. As already stated, said act 99 removed the limit on the right to issue bonds in this district. It is conceded by appellant that these acts of 1927 do not expressly repeal said act 99. In the recent case of *Cordell* v. *Kent*, 174 Ark. 503, 295 S. W. 404, we said:

"The repealing clause in act 126 does not expressly repeal act 114. It merely recites that all laws in conflict are repealed, and to hold that the one repeals the other we would have to say that there is such a repugnancy in the later act as that the earlier is necessarily repealed, or that the Legislature took up the whole subject-matter anew in the later act and evidently intended to enact the later as a substitute for the earlier, which we cannot do, under the rule announced."

The rule referred to, in substance, is that a statute is repealed by an express provision to that effect, or by necessary implication, and that, where a statute is repealed by implication, there must be such a positive repugnancy between the two laws that they cannot stand together, and that the later statute therefore repeals the earlier; that there must be irreconcilable conflict or substituting one for the other. Without setting out the provisions of act 99 of 1925, and the several provisions of the acts of 1927, we hold that there is no irreconcilable conflict between them, such as would repeal them by implication. See *Baugher* v. *Rudd,* 53 Ark. 418, 14 S. W. 623; *Nemier* v. *Bramlett,* 103 Ark. 209, 146 S. W. 486; *Ward* v. *Wilson,* 127 Ark. 266, 191 S. W. 917; *Jones* v. *Oldham,* 109 Ark. 24, 158 S. W. 1075; *Bank of Blytheville* v. *State,* 148 Ark. 504, 230 S. W. 550.

An examination of the Acts of 1927, however, especially act No. 11, the Martineau Road Act, convinces us that it was the policy of the State, as declared in § 1 of act 11, "to take over, construct, repair, maintain and control all the public roads in the State comprising the

State Highways as defined herein." By § 3 the State undertook the payment of the outstanding bonds issued by road improvement districts issued for the construction of both primary and secondary roads.

Under this paragraph of the act the State has lifted from the shoulders of the taxpayers in this district the burden of all bonds becoming due subsequent to January 1, 1927. And it is further provided, in § 3, that "all roads of the road districts referred to in this section are hereby taken over by the State, but only such portions of said roads which are now or may hereafter be embraced in the State Highway System shall be maintained by the State." In other words, it was the intention of the Legislature that the State Highway Department should assume the bonded indebtedness of road improvement districts, and that thereafter it had exclusive jurisdiction to construct, repair, maintain and control all of the roads comprising the State Highway System. There is no prohibition in the several acts against the building of county roads, or roads not a part of the State Highway System, under the Alexander Road Law, and we do not understand that the Alexander Road Law has been repealed by the provisions of the Acts of 1927. See *Arkansas State Highway Commission* v. *Kerby,* 175 Ark. 652, 300 S. W. 377.

In so far therefore as the roads in Osceola & Little River Road Improvement District No. 1 form a part of the State Highway System, its board of commissioners is without authority or jurisdiction to act or to issue bonds for the purpose of building roads, bridges or any other part of such highway. But as to those laterals or roads embraced in this improvement which do not form a part of the State Highway System, its board of commissioners has the authority, under the acts heretofore referred to, to issue bonds for the completion thereof on compliance with the provision of act 99 of the Acts of 1925. Therefore all contracts which the appellees have made for the construction of bridges on the main line of the road here involved, and which form a part

of the State Highway System, made subsequent to the passage of act No. 11 of the Acts of 1927, were made without authority, and are void. But that all contracts made either prior or subsequent to the passage of the Acts of 1927, relating to the improvement of roads not a part of the State Highway System, are valid and binding, if made in compliance with the law authorizing same.

The result of our views is that the decree of the chancery court will be modified in the manner herein stated, and the case will be reversed, and remanded with directions to enter a decree in accordance with this opinion.