LIGHTLE v. BLACKWOOD.

Opinion delivered March 19, 1928.

1. BRIDGES—REPEAL OF STATUTE.—Acts 1925, p. 384, authorizing the Highway Department to construct a bridge across Red River at a particular location, was neither expressly nor impliedly repealed by Acts 1927, p. 282, authorizing the Highway Department to build a larger and more substantial bridge.

2. BRIDGES—AUTHORITY OF HIGHWAY DEPARTMENT.—Where the Highway Department found that the bridge contemplated by Acts 1925, p. 384, would be inadequate to accommodate anticipated future travel, it was authorized under Acts 1927, p. 282, to build a larger and more expensive bridge as part of the State Highway system.

Appeal from Pulaski Chancery Court; *Frank H. Dodge*, Chancellor; affirmed.

*Carter & Carter* and *Robinson, House & Moses*, for appellant.

*H. W. Applegate*, Attorney General, *O. A. Graves, W. H. Arnold, W. H. Arnold, Jr.*, and *David C. Arnold*, for appellee.

SMITH, J. Appellants alleged that the State Highway Department is undertaking to construct a bridge across the Red River at Fulton, and that they are the owners of both banks of the river at the proposed location. That the General Assembly, at its 1925 session, passed an act No. 136 (Acts 1925, page 384) authorizing the Highway Department to construct a bridge across Red River at this particular location, and limited the total cost of the bridge, including the lands which would have to be condemned and acquired for that purpose, and all other expenses, to the sum of $500,000. That the Highway Department is ignoring this act, and now proposes to construct a bridge at approximately the same location, and has obtained orders of the county courts of the counties in which the proposed bridge is to be located, authorizing a change of route, and that the bridge which the Highway Department now proposes to construct will cost approximately $750,000, and is undertaking to do so under the authority of act No. 104, passed at the 1927 session of the General Assembly (Acts 1927, page 282).

It is alleged in appellant's complaint that the Highway Department has no authority to proceed under the 1927 act, and that it is without authority to proceed with the construction of the bridge now proposed, or to condemn appellants' lands for that purpose, for the reason that the total cost will exceed the limit of cost authorized by the act of 1925.

It appears from the answer filed in the case and the testimony heard in the court below, that the bridge in question supplies a link in one of the principal highways in the State, and the testimony shows that the bridge will be largely used in interstate travel. It was ascertained by the State Highway Commission that a bridge could be constructed under the 1925 act at a cost not exceeding $500,000, but it was also ascertained by the Commission that such a bridge would not be adequate to accommodate the anticipated future travel over it. Accordingly, the plans were revised and the route slightly changed, and the Highway Commission now proposes to build a larger and more substantial bridge than could be built under the act of 1925. This suit was brought to determine whether the Highway Commission has this authority.

Opposing counsel agree that the act of 1927 does not repeal the act of 1925, and we concur in that view. It does not attempt to do so expressly, and there is no such repugnancy between the two acts that it must be said that a repeal is implied. See *Cordell* v. *Kent,* 174 Ark. 503, 295 S. W. 404, and cases there cited. But it is insisted that, if the act of 1925 is a valid and subsisting statute, the Highway Commission must proceed under it, and cannot exercise the discretion which would otherwise exist to proceed under the act of 1927.

The act of 1925 was upheld as a valid statute in the case of *Fulton Ferry & Bridge Co.* v. *Blackwood,* 173 Ark. 645, 293 S. W. 2, and the Commission might proceed under its authority to erect the bridge, but, if this were done, a bridge could not be constructed the total cost of which would exceed $500,000, as the act contains that limitation.

It has been ascertained, however, that a suitable bridge—one which will not only accommodate the present travel, but the anticipated travel of the future—cannot be constructed at a cost of $500,000. The question for decision therefore is whether a suitable bridge may not be constructed under the act of 1927.

We think this authority was conferred by act 104 of the Acts of 1927. This act was construed and upheld in the case of *Conner* v. *Blackwood, ante,* p. 139, decided January 30, 1928, it being there held that the act conferred a discretionary authority upon the State Highway Commission to build bridges as a part of the State Highway system, and that bonds might be issued to pay the cost thereof, the bonds to be paid by tolls collected from the users of the bridge, the collection of which is to cease when the bonded indebtedness had been discharged.

The purpose of the act of 1925 was to secure a bridge across the Red River at Fulton, but the act of 1927 also confers authority to build such a bridge if the Commission elects so to do, and the agency to perform this duty is the same under both acts—the State Highway Department. It is not to be assumed that the Department will build a bridge under both acts, and the pleadings contain no such allegation. But we think a bridge might be constructed under either act. Under the act of 1925 the cost could not exceed $500,000, while the act of 1927 contains no such limitation. The Department has determined, in the exercise of the discretion conferred by the act of 1927, to build a bridge the cost of which will exceed $500,000, and the court below found that in so doing the Department was "proceeding within and according to law," and upon that finding dismissed appellants' complaint as being without equity.

As we concur in the finding of the court below, the decree must be affirmed, and it is so ordered.