Louisiana Oil Refining Company *v.* Rainwater.

Opinion delivered February 23, 1931.

Barber & Henry and Troy W. Lewis, for appellant.

Rose, Hemingway, Cantrell & Loughborough, for appellee.

HART, C. J., (after stating the facts). Section 1715 of Crawford & Moses' Digest is § 12 of the act of April 12, 1869, which provides for the formation and regulation of business corporations. It provides that the president and secretary of every corporation organized under the provisions of the act shall annually make a certificate showing the condition of the affairs of the corporation in the manner provided in the section. Section 1726, which was a part of the act of May 6, 1909, provides that if the president or secretary of any such corporation shall neglect, fail or refuse to comply with the provisions of § 1715, he shall be liable to an action founded on the statute for all debts of such corporation contracted during the period of any such neglect or refusal.

It is conceded that, if these provisions of the Digest are still in force, the president was liable because the default is admitted. Our cases hold that where there has been a default in making the reports required by the

statute during a particular time, and during that time a debt is contracted, there is liability to a creditor as upon contract. It is said that the object of the statute is to require corporations to make such a public showing of their affairs as will enable those dealing with them to determine whether they can safely give them credit, and that the mischief at which it is aimed is not done unless the credit is actually given during the period of default. *Griffin* v. *Long*, 96 Ark. 268, 131 S. W. 672, 35 L. R. A. (N. S.) 855, Ann. Cas. 1912B, 622; *Hughes* v. *Kelley*, 95 Ark. 327, 129 S. W. 784; *McDonald* v. *Mueller*, 123 Ark. 226, 183 S. W. 751; and *Taylor* v. *Dexter*, 126 Ark. 122, 189 S. W. 1060.

It is sought to uphold the judgment, however, on the ground that these sections of the Digest have been repealed by act 250, passed by the Legislature of 1927, providing for the formation of corporations and the regulation thereof. Acts of 1927, p. 854.

It is a well-settled principle of statutory construction that repeals by implication are not favored. A statute may, however, be repealed by the express provisions of a subsequent statute, or by implication when the provisions of the earlier and later statutes are repugnant to each other and irreconcilable, or when the subsequent statute covers the whole subject-matter of the former and is manifestly intended as a substitute for it. This rule is so well settled that only a few of our cases on the subject need be cited. *Bank of Blytheville* v. *State*, 148 Ark. 504, 230 S. W. 550; *Ouachita County* v. *Stone*, 173 Ark. 1004, 293 S. W. 1021; and *State* v. *Standard Oil Company of Louisiana*, 179 Ark. 280, 16 S. W. (2d) 581.

It is the contention of counsel for appellees in the present case that the act of 1927 covers the whole subject of the earlier act relating to the formation and regulation of business corporations and embraces numerous new provisions. It is insisted that the act plainly shows that it was intended not only as a substitute for the earlier act but to cover the whole subject of the forma-

tion of business corporations and to prescribe the only rules in respect thereto. Hence it is contended that it operates as a repeal of all former statutes relating to the formation and regulation of business corporations, even if the former act or some of its provisions are not in all respects repugnant to the new act. A careful comparison of the earlier act with the later one does not, in our opinion, show that the later act was intended to be a revision of and substitute for the earlier one. As we have already seen, under the construction placed upon the provisions of §§ 1715 and 1726 by this court, the Legislature had a definite purpose in enacting this statute. It is true that the later statute is very comprehensive. It contains 57 sections and provides in detail for the manner of incorporating business corporations, defines their corporate powers, regulates the manner for issuing stock, and the powers of directors and other matters deemed necessary for the management of such corporations, but it contains no provision looking to the filing of an annual report showing the condition of the corporation so that creditors may be advised of the condition of their affairs and intelligently determine whether they can safely give them credit. The provisions of the earlier statute looking to this end fits in with the aim and scope of the later statute just as well as they do with the earlier one. There is nothing to indicate that it was the intention of the Legislature to repeal them. They are not in any wise inconsistent with the scope and purposes of the later act and serve the same purpose, so far as that act is concerned; as they did with the earlier act.

In this respect, it is different from the act which was held to be repealed in the case of *Ouachita County* v. *Stone,* 173 Ark. 293 S. W. 1021, relied upon by counsel for appellee. In that case, the provisions of the earlier act were wholly out of harmony with the scope and purposes of the later act, and for that reason the court held that the earlier act was repealed by the provisions of the later

one. When the scope and purposes of the later act in that case were considered, there seemed to be no place for the provisions of the earlier act, which was considered repealed.

We think the present case is more like that of *Bank of Blytheville* v. *State,* 148 Ark. 504, 230 S. W. 550. Therefore, we are of the opinion that the court erred in overruling the demurrer to the answer, and for that error the judgment will be reversed, and the cause will be remanded for further proceedings according to law and not inconsistent with this opinion.

McHANEY, J., (dissenting). I cannot agree with the opinion of the majority for two reasons. The plain provision in § 1715, Crawford & Moses' Digest is that "The president and secretary of every corporation *organized under the provisions of this act* shall annually make a certificate showing the condition of the affairs of such corporation," etc. "This act" refers of necessity to the act of April 12, 1869, of which· § 1715, Crawford & Moses' Digest is § 12 and § 1726, Crawford & Moses' Digest is § 21. In 1927 the General Assembly passed act 250, p. 854 Acts 1927, entitled, "An act to provide for the formation of corporations, the regulation of corporations and for other purposes." This act establishes a· wholly different system for the formation and regulation of corporations from that established by the act of April 12, 1869. The Rainwater-McCarthy Company, of which appellee was president, was organized under the act of 1927, it being the only act under which a corporation of this kind could be organized, as by § 57 all laws in conflict are repealed, and the act of 1869 was in conflict. The act of 1927 is not amendatory of the act of 1869, but is in substitution thereof, providing a new and wholly different system, which does not include or embody §§ 1715 and 1726 of the Digest. Therefore, when § 1715 provides that "the president and secretary of every corporation organized under the provisions *of this act* shall file the report, it necessarily excludes corporations

organized under the provisions of any other act not making a similar requirement. The corporation of which appellee was president, not having been organized under the provisions of "this act,"—act of 1869—but under the act of 1927, is not affected by the provisions of §§ 1715 and 1726 of Crawford & Moses' Digest, and its officers were not required to file the report therein required, nor were they subject to the penalty provided for a failure so to do.

I am furthermore of the opinion that those sections of the Digest have been repealed by implication or substitution by the act of 1927. It takes up the whole subject-matter of the formation and regulation of corporations anew, and provides a wholly different system, both as to formation and regulation. As we said in *Cordell* v. *Kent*, 174 Ark. 503, 295 S. W. 404, cited with approval in *State ex rel. Atty. Gen.* v. *Standard Oil Co. of La.*, 179 Ark. 208, 16 S. W. (2d) 581: "Where the Legislature takes up a whole subject-matter anew, covering the whole ground, revising the whole subject-matter of a former statute, and evidently intending to enact a substitute, the old statute is repealed, although the new statute contains no express words to that effect." See also cases cited in *State ex rel.* v. *Standard Oil Co., supra.* I am of the opinion that that is exactly what the Legislature did in enacting the 1927 statute, and that §§ 1715 and 1726 are repealed by substitution.

Those sections never served but one purpose, to entrap the unwary president and secretary who, unthoughtedly or ignorantly, failed to file such report, which enabled some creditor who never extended any credit on the strength of such a report or refused credit for the lack of same, to recover a debt due by the corporation from them.

I think the judgment should be affirmed. Mr. Justice BUTLER joins in the dissent.

Opinion on rehearing delivered March 30, 1931.

McHANEY, J. After a careful consideration of the briefs of counsel on the petition for a rehearing, and of the original briefs, a majority of the court has reached the conclusion that a rehearing should be granted. We, of course, recognize the general rule, of statutory construction, as stated in the original opinion, that repeals by implication are not favored. But, as there also stated: "A statute may, however, be repealed by the express provisions of a subsequent statute, or by implication when the provisions of the earlier and later statutes are repugnant to each other, or when the subsequent statute covers the whole subject-matter of the former, and is manifestly intended as a substitute for it." See cases there cited. As stated by Mr. Justice Field in *United States* v. *Tynen,* 11 Wall. (U. S.) p. 88, and quoted with approval on rehearing in *Mays* v. *Phillips County,* 168 Ark. 829-833, 279 S. W. 366: "When there are two acts on the same subject, the rule is to give effect to both if possible; but if the two are repugnant in any of their provisions, the later act, without any repealing clause, operates, to the extent of the repugnancy, as a repeal of the first, and, even where two acts are not in express terms repugnant, yet if the later act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act." And this is true, even though the old act contains "provisions not embraced in the new." *Wilson* v. *Massie,* 70 Ark. 25, 65 S. W. 942; *Chicago, R. I. & P. Ry. Co.* v. *McElroy,* 92 Ark. 600, 123 S. W. 771; *Eubanks* v. *Futrell,* 112 Ark. 437, 166 S. W. 172; *Babb* v. *El Dorado,* 170 Ark. 10, 278 S. W. 649; *State* v. *White,* 170 Ark. 880, 281 S. W. 678. The difficulty is not in stating the rule, as it appears to be one of universal application, but in applying it to a given case.

The Rainwater-McCarthy Motor Company was organized as an Arkansas corporation on October 13,

1928, and was dissolved December 14, 1929. It was therefore in existence little more than a year. Appellant sold it certain merchandise between October 8 and December 11, 1929, for which judgment is sought in this case. Other facts are stated in the original opinion.

The act under which the Rainwater-McCarthy Motor Company was organized is No. 250 of the Acts of 1927, p. 854. It is entitled "An act to provide for the formation of corporations, the regulation of corporations and for other purposes." The prior corporation act, the one under which a corporation of this kind would have been organized, but for the act of 1927 or some similar enactment, is the act of April 12, 1869, entitled, "An act to provide for the creation and regulation of incorporated companies." It will be noticed that the titles of the two acts are substantially the same, the one for the "formation" and "regulation" and the other for the "creation and regulation" of corporations. The purpose of both acts as stated in their titles is the same. They refer to the same identical subject-matter. Any person reading the two titles would know from a glance at the titles alone that the Legislature was dealing with the same subject-matter and was providing a new and different system for the "formation" or "creation" and "regulation" of corporations in the later act, from that in the Act of 1869. As above stated, the corporation in question was organized under the act of 1927. Indeed it was the only act under which such a corporation could have been organized, as the act of 1869 had been repealed by § 57 of the act of 1927 which provides that : "All acts and parts of acts in conflict with any of the provisions hereof be and they are hereby repealed," etc. The corporation act of 1869 is plainly in conflict with the act of 1927 as the latter, dealing with the same general subject-matter, provides a new and different scheme or system for the organization and regulation of corporations. This fact is further conclusively demonstrated by the provisions of §§ 54 and 55 of the latter act. Section 54 provides

that: "Any corporation organized and existing under the laws of this State on the date on which this act becomes effective may re-incorporate under this act either under the same or a different name" by following the procedure therein described. It is then provided that, when it has so done, it "shall be deemed to be incorporated hereunder and shall be subject to all *duties and liabilities of this act* and be entitled to and be possessed of all the privileges, franchises and powers as if originally incorporated under this act," etc. Section 55 provides: "Any existing corporation of this State, failing to avail itself of the provision of § 54 hereof prior to January 1, 1928, shall be deemed as a corporation created under the provisions of this act and subject to all its provisions as fully as if it had complied with the terms and provisions of this act." Therefore, it necessarily follows that the act of 1927 was the only act in existence at the time of the incorporation of the Rainwater-McCarthy Motor Company under which it could have been incorporated, and that all other similar corporations organized either before or after the effective date of the act of 1927 are now deemed to be corporations thereunder and "subject to all duties and liabilities of *this act*" and to none other. This action was brought against appellee to recover a corporate debt under §§ 1715 and 1726, Crawford & Moses' Digest. These were §§ 12 and 21 respectively of the act of 1869. There are no like provisions in the act of 1927, but it imposes other and different duties and liabilities. For instance § 49 provides: "A director, officer, agent, or employee of any corporation who knowingly and with intent to defraud concurs in making or publishing any written report, exhibit or statement of its affairs or pecuniary condition containing any material statement which is false shall be liable for all damages caused thereby." Evidently the Legislature intended to substitute the liability imposed by the above section for that provided in the act of 1869. The old act imposed the liability on the president and secretary alone

for an unintentional neglect. The new act imposes it upon any officer, director, agent or employee "who, knowingly, and with intent to defraud, concurs" in publishing any false, written financial statement. It would seem to serve a better purpose, for any person before becoming a creditor may require such a financial statement.

As above stated, the act of 1927 provides a new scheme or system for the organization and regulation of corporations. It takes up the whole subject-matter anew and sets up a new plan. It is in no sense amendatory to the old act, but it is a new enactment covering the same subject-matter. It runs through 40 pages of the printed acts, with 57 sections. As we said in *Cordell* v. *Kent,* 174 Ark. 503, 205 S. W. 404, cited with approval in *State ex rel. Atty. General* v. *Standard Oil Co.,* 179 Ark. 208, 16 S. W. (2d) 581: "Where the Legislature takes up a whole subject anew, covering the whole ground, revising the whole subject-matter of a former statute, and evidently intending to enact a substitute, the old statute is repealed, although the new statute contains no express words to that effect," and further, even though the old statute contains provisions not covered in the new. This is exactly what the Legislature did in enacting act 250 of 1927.

We deem it unnecessary to take up and compare the different provisions of the two acts to show further the applicability of the rules of law herein announced, as a reading of the two will demonstrate the correctness of the views here expressed. We have reached the conclusion that the act of 1869 has been repealed by the act of 1927, and that there is no longer any basis for the action sought to be maintained by appellant. The chancery court, therefore, correctly overruled appellant's demurrer to appellee's answer and correctly dismissed its complaint for want of equity when it declined to plead further.

Affirmed.

HART, C. J., and MEHAFFY, J., dissent.