Johnson *v.* Page.

4-4197

Opinion delivered December 23, 1935.

*John Fogelman* and *R. V. Wheeler*, for appellant.

*Carl E. Bailey*, Attorney General, and *R. E. Wiley*, for appellee.

*James G. Coston, J. T. Coston, J. R. Pugh* and *Ogan, Shaver & Ogan*, for appellee Road Maintenance Districts. *Sam Rorex, amicus curiae.*

HUMPHREYS, J.   This is an appeal from the chancery court of Pulaski County dismissing the complaint of appellant seeking to enjoin the appellee, the State Treasurer, from distributing the County Highway Fund, or the so-called County Turnback Fund, in accordance with paragraphs f, g and h of act 63 of the General Assembly of 1931, for the alleged reason that said paragraphs of said act were repealed by act No. 11 of the First Extraordinary Session of the General Assembly for the year 1934.

The sole issue presented by the pleadings and involved in the trial below and on this appeal is whether § 23 of said act No. 11 of the Acts of 1934 repeals paragraphs f, g and h of act No. 63 of the Acts of 1931.

It is conceded by appellant that, if said paragraphs of the prior act are not repealed by the later act, he is not entitled to the relief prayed for in his complaint. The later act does not expressly repeal the paragraphs referred to in the former act but does expressly repeal other prior acts and paragraphs and sections of other prior acts, as will be seen by reference to repealing § 24 of the later act.   This court said in the case of *Pace v. State*, 189 Ark. 1104, 76 S. W. (2d) 294, that: ''Where

a statute expressly repeals specific acts, there is a presumption that it was not intended to repeal others not specified. In such cases there is an implied approval of the statutes not specified, as well as of an intention to leave them undisturbed.''

Again, this court said in the case of *Babb* v. *El Dorado,* 170 Ark. 10, 278 S. W. 649, that: ''It is a principle of universal recognition that the repeal of a law merely by implication is not favored, and that the repeal will not be allowed unless the implication is clear and irresistible.''

Again, this court said in the case of *Bennett* v. *State,* 161 Ark. 496, 257 S. W. 372, that: ''Repeals by implication are not favored and are never allowed unless there is an irreconcilable repugnancy between the later and the older statute.''

See also to the same effect *Louisiana Oil Refining Co.* v. *Rainwater,* 183 Ark. 482, 37 S. W. (2d) 96.

There is no irreconcilable repugnancy or conflict between the later act and paragraphs f, g and h in § 1 of act 63 of 1931, but said paragraphs are in harmony with the later act.

The later act provides that:

''All net tax derived from motor vehicle fuel under the provisions of paragraph 'C' of this act shall be divided; ninety-two point three per cent. (92.3%) shall be deemed State Highway Revenue, and seven point seven per cent. (7.7%) shall be deemed county highway improvement revenue, and shall be credited by the treasurer of the State to the 'County Highway Fund.' Said county highway fund shall be segregated, set apart and placed in trust for the sole, separate and exclusive use of the several counties of this State to be apportioned under the existing laws, and the State expressly covenants that it will not permit the percentage herein allotted to the county highway fund to be reduced.''

By use of the words ''to be apportioned under the existing laws'' had reference to the apportionment as provided by paragraphs f, g and h of act 63 of the Acts of 1931, and if the implied repeal of these para-

graphs were intended by the Legislature, there would be no existing laws by which the fund could be disbursed by the State treasurer.

The decree is therefore affirmed.