The Honorable Lonnie P. Clark State Representative P.O. Box 406 Berryville, Arkansas 72616
Dear Representative Clark:
This is in response to your request for an opinion on the following questions: If a school allows out of district students to attend, can the school district charge the parents with tuition for that child attending the school? If so, what level of charge is possible?
Acts 464 and 762 of the 1987 legislative session must be considered in responding to these questions. Both Acts address the subject of student transfers, yet they exhibit differences which are particularly significant for purposes of the questions raised in your correspondence.
Act 464 amends Section 5 of Act 461 of 1959, codified as Ark. Stat. Ann. 80-1528 (Cum. Supp. 1985), to authorize tuition agreements and to provide for the review of student transfers at the end of four (4) years. This Act would on its face appear to authorize a school district to charge the parents with tuition upon entering into a tuition agreement with the parents.
Act 762 of 1987 is similar in several respects to Ark. Stat. Ann. 80-1528 and Act 464 of 1987. Section 1 of Act 762 addresses student transfers, altering the language of 80-1528 but maintaining the general provisions governing transfers from a "resident district" to another ("receiving") district. Sections 2 through 5 of Act 762 impose certain additional requirements not contained in either Act 464 of 80-1528 with respect to maintaining the racial balance of districts under desegregation related court orders. Act 762 makes no provisions for tuition agreements, and it specifically repeals, inter alia, Ark. Stat. Ann. 80-1528.
The answer to your threshold question involving tuition payments turns essentially on whether the provision in Act 464 for tuition agreements remains in force and effect not with standing the repeal of Ark. Stat. Ann. 80-1528 by Act 762 and the absence of a similar provision therein.
It may be concluded as an initial matter that the repeal of 80-1528 does not serve to repeal Act 464 as well. It is generally acknowledged that neither repeals nor amendments by implication are favored in construing statutes. Fireman's Fund Insurance Co. v. Polk County, 260 Ark. 799, 543 S.W.2d 947 (1976). The reference in Section 6 of Act 762 to the repeal of, inter alia, "80-1525 through 80-1528" would in all likelihood be deemed to refer to those statutes as currently codified and not to Act 464 of the 1987 session.
The question remains, however, whether Act 464 remains in effect in light of Act 762. Act 464 and Act 762 were approved by Governor Clinton on March 30, 1987 and April 7, 1987 respectively. Neither Act contains an emergency later one in time controls. State v. Lawrence, 246 Ark. 644, 439 S.W.2d 819 (1969). Yet it has also been stated that statutes on the same general subject matter must be reconciled and construed together if possible, particularly if two acts on the same subject were enacted during the same legislative session. Sargent v. Cole, 269 Ark. 121,598 S.W.2d 749 (1980).
It appears that Acts 464 and 762 can, in several respects, be reconciled since they each contain certain distinct and seemingly noncontradictory provisions. An argument in favor of the repeal of Act 464 may, nevertheless, be premised upon the proposition that the legislature intended for Act 762 to cover the entire field anew and thus to supersede Act 464. See, e.g., Ark. Airmotive Division of Currey Aerial Sprayers, Inc. v. Arkansas Aviation Sales, Inc., 232 Ark. 354, 335 S.W.2d 813 (1960); Nance v. Williams, 263 Ark. 237 564 S.W.2d 212 (1978). It is my opinion, however, that this argument would in all likelihood yield in this instance to the maxim that statutes enacted at the same session of the legislature should receive a construction, if possible, which will give effect to each. Cordell v. Kent, 174 Ark. 503,295 S.W. 404 (1927); Sargent v. Cole, supra. This rule was stated by the Arkansas Supreme Court in Cordell v. Kent, 174 Ark. at 506, as follows:
 Effect should be given, if possible, to statutes in pari materia, enacted at the same legislative session, and where two acts relating to the same subject were under consideration and enacted at the same session of the Legislature, the courts, it has been said, will exhaust all the resources of interpretation before coming to the conclusion that there is an irreconcilable repugnancy between them and that one repeals the other. Acts passed at the same legislative session are construed as one act on the same subject. And, instead of holding such acts repugnant, the courts will give effect to both, although, in order to do so, it becomes necessary to engraft one on the other, or incorporate the earlier into the later act, as an exception to its provisions.
It may therefore be concluded, based upon the foregoing, that Act 464 of 1987 remains in effect with respect to its authorization of tuition agreements. It thus appears that the school district may charge the parents with tuition upon their entering into such an agreement.
In response to your question regarding the level of charge, Act 464 provides that "[t]he annual amount of such tuition shall not exceed the average amount of local property tax per pupil collected in the receiving district in the preceding year." It would therefore appear that charges based upon this "average amount of local property tax per pupil" are permissible.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.